## CHARLES W. LITTLE V. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1900.   No. 11,213.

1. **Practicing Medicine.** One who, without complying with the statute establishing a state board of health and prohibiting the practice of "medicine, surgery and obstetrics" without a license, practices medicine is liable to the penalty prescribed by such. *State v. Buswell*, 40 Nebr., 158.

2. **Construction of Statutes:** INTENTION OF LEGISLATURE. In construing statutes effect should be given to the intention of the legislature.

3. **Osteopathy:** Certificate of Board of Health: Penalty for Practicing Without License. One who practices what is known as osteopathy without obtaining a certificate from the state board of health is a practitioner of medicine as defined by article 1, chapter 55, Compiled Statutes, and is liable to the penalty prescribed specifically for practicing medicine without a license.

4. **Statute:** Title of Act. Section 17, article 1, chapter 55, Compiled Statutes, is within the purview of the title of the act.

5. **Surgery and Obstetrics:** Title of an Act: Practice of Medicine. "Surgery and obstetrics," as those terms are popularly understood, are embraced in the title of an act to regulate the art of healing.

6. **Regulative Statute Not Prohibitive.** The statute is not prohibitive in its effects, but attempts to regulate the practice of the of healing.

7. **Information:** Separate Counts: Separate Misdemeanors of Same Nature. Several misdemeanors of the same kind may be set forth in as many counts of an information, and the prosecutor is not required to elect upon which count he will proceed.

Error to the district court of Lancaster county. Tried below before Holmes, J. *Affirmed.*

*Abbott, Selleck & Lane,* for plaintiff in error:

The supreme court of Kentucky has had a statute almost exactly like ours under consideration. It was in an action brought for the purpose of enjoining the board of health from interfering with the practice of osteopathy. The title of the act which they were so considering was: "An act to protect citizens of this commonwealth from empiricism." In that case the court held that the practice of osteopathy did not come within the terms of the statute, and was not prohibited. *Nelson v. State Board of Health,* 57 S. W. Rep., 501, decided June 20, 1900.

*Constantine J. Smyth, Attorney General, Paul Pizey, Assistant,* and *T. C. Munger, contra:*

We must differ from opposing counsel in this state-

ment that the Kentucky statute is almost exactly like ours. The court held that it was exactly unlike ours, because the penalties provided by the last section of the act must be limited by that which is referred to in the title and previous sections, to-wit, the practice of medicine in some of its branches in the state. In other words, the Kentucky statute is so narrow that it only applies to persons who are graduates of some school or system of medicine.

*Abbott, Sclleck & Lane*, in reply:

The Kentucky statute makes it unlawful for any one to practice medicine or attempt to treat any sick or afflicted person by any system or method whatever, without first complying with the provisions thereof.

NORVAL, C. J.

Charles W. Little comes on error from the district court of Lancaster county, he having been there convicted of practicing medicine without having procured a license as required by article 1, chapter 55, Compiled Statutes. He is what is known as a practitioner of osteopathy, the practice of which consists principally in rubbing, pulling and kneading with the hands and fingers certain portions of the body and flexing and manipulating the limbs of those afflicted with disease, the object of such treatment being to remove the cause, or causes of trouble. He urges a number of errors, the principal contention, however, being that his occupation does not fall within the definition of a practitioner of medicine as found in section 17 of the said article. This court, however, is of the opinion that those who practice osteopathy for compensation come within the purview of the statute as clearly as those who practice what is known as "Christian Science," and therefore this case falls within the principle of *State v. Buswell*, 40 Nebr., 158. With the rule announced in that case we are fully satisfied, although it is possible that

the decisions of some other courts are in conflict with it. The doctrine declared in that case will carry out the legislative intent, and effect the object of the statute, which is "to protect the afflicted from the pretentions of the ignorant and avaricious," no matter whether the persons pretending to heal bodily or mental ailments do or do not profess to "follow beaten paths and established usages." In construing statutes, effect should be given to the intention of the legislature. It is argued that osteopaths do not profess to treat any physical or mental ailment, but that they merely seek to remove the cause of such ailment or disease, and therefore do not come within the definition mentioned. The writer is not deeply versed in the theory of the healing art, but he apprehends that all physicians have the same object in view, namely the restoring of the patient to sound bodily or mental condition, and whether they profess to attack the malady or its cause, they are treating the ailment, as the word is popularly understood. We can therefore see no good reason why the practice of osteopathy does not fall within the provisions of the statutes under which defendant was prosecuted, as clearly so as do ordinary practitioners, or those who profess to heal by what is known as Christian Science. *Eastman v. People*, 71 Ill., App., 236.

Some technical objections it will be necessary to notice before finally disposing of the case. It is urged that no penalty is imposed for the alleged offense, since after the section defining the offense was amended so as to include a wider scope of offenses, the one for which he was prosecuted being included among those injected into the section by the amendment, and the section imposing the penalty was not re-enacted at the same time the other section was amended. The argument is that the penalty can apply only to those offenses included in the section amended as originally enacted. The objection is perhaps ingenious, but untenable. Had the legislature intended that no penalty should attach to the new classes of offenses denounced in the section as

amended, it is more reasonable to suppose that it would have amended the section denouncing the penalty so as to leave no room for doubt that no penalty was intended, rather than that it should leave the latter unchanged. The fact that it was left in its original condition seems to furnish indubitable proof that the legislature was satisfied with this section and that it was intended to include and define the proper punishment for all offenses defined in the amended section.

Another objection is that the definition included in section 17 is wider than the title of the act, the title being, among other things, "to regulate the practice of medicine," and further, that the act attempts to regulate not only the practice of medicine, but also the practice of surgery and obstetrics. We have no doubt but that the legislature had the power to define what acts would constitute the practice of medicine, which it had done in section 17. Further, as popularly understood, surgery and obstetrics are each a part of the healing art—the art of medicine. In this country, as a rule, the surgeon, physician and obstetrician are usually comprised in one and the same person, and he who practices these arts combined is popularly considered as practicing medicine, no matter which one of the three arts he may at any given time be utilizing. The objection is untenable.

It is insisted that the statute under consideration is void because it is prohibitive in its scope and effect. The construction of the act which counsel places upon it we are unwilling to adopt. The statute undertakes to regulate, and is not prohibitive in its nature. Any one who has complied with the provisions may practice medicine in this state. It is prohibitive only as to those who have not been duly licensed by the state board of health to practice the art of healing.

The information contained sixteen counts, each charging a misdemeanor in violating the statute in question. It is claimed the court erred in not requiring the county attorney to elect upon which count he would proceed.

The ruling was proper, as the offenses charged were of a similar kind. *Hans v. State,* 50 Nebr., 150; *Hurlburt v. State,* 52 Nebr., 428.

A number of other objections are urged in the brief of defendant, all of which have had due consideration, and we have failed to discover that any reversible error has been pointed out by his counsel.

The verdict is supported by ample evidence. The judgment is

AFFIRMED.