STATE OF IOWA, Appellant, v. G. H. HEATH.

**Physicians:** CONSTRUCTION OF STATUTES. Code, section 2579, is construed as dividing those who shall be deemed as practicing medicine in three classes: (1) Those who profess to be physicians, surgeons, or obstetricians, and assume the duties; (2) those who make a practice of prescribing, or prescribe, and furnish medicine; and (3) those who publicly profess to cure or heal.

125    585
f132   229
132    230
f133   171

**Public announcement.** One who publicly announces his skill in the art of healing, if without a certificate and not within the statutory exceptions, under circumstances indicating an intention to treat the sick, is guilty of a violation of Code, section 2580, without proof that he has actually undertaken to do so.

**Practice of medicine:** STATUTORY REGULATION. The statutes requiring that practitioners procure a certificate from the state Board of Medical Examiners, and pass an examination in those matters pertaining to the school of medicine which the applicant proposes to practice, are reasonable and valid.

**Magnetic treatment:** APPLICABILITY OF STATUTES. The rules governing the practice of medicine are applicable to those professing to be magnetic healers, and a public profession of skill in the art with a view to procuring patients in alleged violation of law, presents a question of fact for the jury.

*Appeal from Boone District Court.*— HON. W. D. EVANS, Judge.

THURSDAY, NOVEMBER 17, 1904.

THE defendant was accused in the indictment of the crime of practicing medicine without having obtained a certificate entitling him so to do. On the trial it was stipulated that the defendant engaged rooms and advertised as follows:

Cancer Specialist and Magnetic Treatments. Dr. G. H. Heath cures: Abscess, Anchylosis, Apoplexy, Asthma, All eye troubles, Brain fever, Bright's Disease, Bronchitis, Cancer, Catarrh (nasal, throat and stomach), Chills, Colds, Constipation, Croup, Curvature of the Spine, Deafness, Diabetes, Diphtheria, Dizziness, Dropsy, Dyspepsia, Earache, Eczema, Epilepsy, Erysipelas, Exhaustion, Fainting, All Female troubles, Bilious, Hay, Malaria and Typhoid fever, Fistula, Fits, Gallstones, Goiter, Gout, Gravel, Headache, Heartburn, Heart trouble, Hernia, Hip-Joint disease, Hoarseness, Hysteria, Indigestion, Influenza, Insomnia, Jaundice, Kidney trouble, La Grippe, Liver trouble, Lockjaw, Lumbago, Milk Leg, Nausea, Nervous Prostration, Neuralgia of Head or stomach, Palpitation, Paralysis, Peritonitis, Piles, Pleurisy, Pneumonia, Rheumatism (Acute, Inflammatory, or Sciatica), Scrofula, Stiff neck and Joints, Stomach trouble, Stricture, Tumors, Varicocele, Wens, White Swellings, and all chronic diseases successfully treated, Bain Block, corner Story and Tenth Streets. New 'Phone, 468. Mrs. Ida M. Anderson and Mrs. Seymour Heath Mental Healers and Teachers' Class. Individual and absent work in mental science, the art of attracting Opulence and scientific Auto-suggestion. We teach self-healing and how to make weak constitutions strong. Health, Magnetism, talent genius for business or any profession developed by our treatment and influence — present or absent. Development along Psychic and Occult lines a specialty. Bain Block, corner Story and Tenth Streets. New 'Phone, 468.

He came to Boone to treat people, and had patients call on him for consultation. His method was by what is known as " magnetic treatment," but he did not in fact treat any person in Boone county as a doctor or physician or osteopath, and did not receive any compensation for treatment to be had in the future. Should he have had patients, he expected compensation for treatment, though he never pretended to use any medicines or drugs, or resort to surgery in any form. Upon this showing, together with an admission that defendant had never obtained a certificate from

the State Board of Medical Examiners, the court, on motion, directed a verdict of acquittal, and judgment was entered accordingly.    The State appeals.— *Reversed.*

*Charles W. Mullan, Attorney General,* and *L. De Graff, Assistant Attorney General,* for the State.

*J. L. Carney,* for appellee.

LADD, J.— Certain penalties are denounced by section 2580 of the Code against those who shall practice medicine, surgery, or obstetrics in this State without first having ob-

1. PHYSICIANS:
construction
of statutes.

tained and filed for record the certificate required by the chapter of which that section forms a part.    Section 2579 defines who shall be deemed to be practicing medicine as follows:  " Any person shall be held as practicing medicine, surgery or obstetrics, or to be a physician, within the meaning of the chapter, who shall publicly profess to be a physician, surgeon or obstetrician, and assume the duties, or who shall make a practice of prescribing or of prescribing and furnishing medicine for the sick, or who shall publicly profess to cure or heal."    Appellee argues that either the " or " preceding the last clause should be construed as " and," so that, to be a practitioner of medicine, one must not only profess to cure or heal, but also " make a practice of prescribing or prescribing and furnishing medicine for the sick," or else that the clauses subsequent to " assume the duties " should be treated as enumerated in the alternative, so that one, to be a practitioner, " shall profess to be a physician, surgeon or obstetrician," and also " shall publicly profess to cure or heal."    But neither suggestion is in harmony with the natural or grammatical construction of the language employed. The repetition of the word " who," which manifestly refers to " any person," precludes the thought contended for.    Had the subsequent clauses been intended as in the alternative with " assume the duties," " who shall," in each, would have

been omitted. The manifest intention of the Legislature was to divide those who shall be deemed practicing medicine into three classes: (1) all "who shall profess to be a physician, surgeon or obstetrician and assume the duties"; (2) those "who shall make a practice of prescribing or prescribing and furnishing medicine for the sick"; and (3) those "who shall publicly profess to cure or heal."

It is doubtless true that a mere public profession of an ability to heal would not subject any one to the penalties of the law. Such profession must be made under such circumstances as to indicate that it is made with a view of undertaking to cure the afflicted. One publicly professes, in announcing to the public generally his claim of skill in the art of healing; and is guilty, under section 2580 of the Code, if, without a certificate, and not within the statutory exceptions, this is done with the purpose of treating the maladies of patients who may engage his attention. There is some reason for not exacting proof of actual treatment in all cases. Should one profess to be a physician, and assume the duties or prescribe for the sick, little difficulty might be experienced in obtaining evidence of the fact. But suppose a charlatan, quack, or other person assumes or pretends to believe he may effect cures in an invisible manner, and undertakes to do so? Proof of his effort would be all but impossible. The statute, in order to be effective, has denounced the public profession that he will cure or heal, and this may be proven without exacting evidence that he has actually undertaken to do so. See *State v. Van Doran,* 109 N. C. 864 (14 S. E. Rep. 32).

The statute, when fairly construed, does not seem capable of a broader construction. Nor do we deem this essential in order to sustain its constitutionality. The power of the State to prescribe such restrictions and regulations in the practice of medicine as, in the judgment of the Legislature, shall protect the people from the consequences of ignorance or incapacity, as

2. PUBLIC AN-
NOUNCEMENT.

3. PRACTICE OF
MEDICINE:
statutory regu-
lation.

well as deception and fraud, has been vindicated too often
to require citation of authority.   But see *State v. Bair,* 112
Iowa, 466.   The statutes do not attempt to discriminate
between different schools of medicine or systems for the
cure of disease.   No method of attempting to heal the sick,
however occult, is prohibited.   All that the law exacts is
that, whatever the system, the practitioner shall be pos-
sessed of a certificate from the State Board of Medical Ex-
aminers, and shall exercise such reasonable skill and care
as are usually possessed by practitioners in good standing
of that system in the vicinity where they practice.   This
excludes no one from the profession, but requires all to at-
tain reasonable proficiency in certain subjects essential to
the appreciation of physical conditions to be affected by
treatment.   The object is not to make any particular mode
of effecting a cure unlawful, but simply to protect the com-
munity from the evils of empiricism.   Often the individual
alone suffers from the want of proper attention, but in cases
of contagious or infectious diseases the entire community
may be endangered.   In no profession, occupation, or call-
ing are the people more easily or readily imposed on.   Sec-
tion 2576 of the Code requires all, regardless of the particu-
lar school, to be examined in anatomy, physiology, general
chemistry, pathology, surgery, and obstetrics.   Surely it is
not unreasonable to exact for every one who proposes to
undertake to prevent, cure, or alleviate disease and pain
some knowledge of the nature of disease, its origin, its ana-
tomical and physiological features, its causative relations,
and of the preparation and action of drugs.   At any rate,
the State, in order to guard the people against the effects
of imposition or ignorance, had the right to exact such
knowledge.   The examination in *materia medica,* therapeu-
tics and the principles and practice of medicine must cor-
respond to the school according to which the applicant pro-
poses to practice.   If no medicine is to be used, it neces-

sarily follows that proficiency in these subjects is not required.

These views are in harmony with the authorities generally, and, as applied to those professing to be magnetic healers, have direct support in *People v. Phippin,* 70 Mich. 6 (37 N. W. Rep. 888), and *Parks v. State,* 159 Ind. Sup. 211 (64 N. E. Rep. 862, 59 L. R. A. 190). See, also, as bearing thereon, *State v. Edmunds,* 125 Iowa, — *People v. Gordon,* 194 Ill. 560 (62 N. E. Rep. 858, 88 Am. St. Rep. 165); *State v. Buswell,* 40 Neb. 158 (58 N. W. Rep. 728, 24 L. R. A. 68); *Little v. State,* 60 Neb. 749 (84 N. W. Rep. 248, 51 L. R. A. 717). Decisions reaching a contrary conclusion construe statutes so radically different from those of this State that they furnish little aid. See *State v. Liffring,* 61 Ohio, 39 (55 N. E. Rep. 168, 46 L. R. A. 334, 76 Am. St. Rep. 358); *Nelson v. Board,* 108 Ky. 769 (57 S. W. Rep. 501, 50 L. R. A. 383); *State v. Mylod,* 20 R. I. 632 (40 Atl. Rep. 753, 41 L. R. A. 428); *State v. Biggs,* 133 N. C. 729 (46 S. E. Rep. 401, 64 L. R. A. 139, 98 Am. St. Rep. 731), and note. As applied to treatment through Christian science, there seems to be some diversity of opinion, depending somewhat as to whether the supposed agency relied on is divine or human. See above decisions, and *Kansas City v. Baird,* 92 Mo. App. 204. On that point no opinion is expressed.

*4. MAGNETIC TREATMENT: applicability of statutes.*

In the instant case it conclusively appears that the accused professed publicly to heal a great variety of ailments, and so did for the purpose of procuring patients and treating them. The question of his guilt should have been submitted to the jury.— *Reversed.*

WEAVER, J., concurs in the result reached in the foregoing opinion, but does not wish to be bound by all the propositions stated in the argument by which it is sustained.