EARLE A. HARVEY V. STATE OF NEBRASKA.

FILED SEPTEMBER 26, 1914. No. 18,434.

1. **Physicians and Surgeons**: PRACTICING WITHOUT LICENSE: INFORMATION. To "operate on, profess to heal or prescribe for, or otherwise treat any physical or mental ailment of another," is practicing medicine by the express provision of section 2724, Rev. St. 1913.

2. ———: ———. It is unlawful in this state to treat professionally and attempt to heal another by manipulation and adjustment of nerves, bones and tissues of the body, without first obtaining a certificate or license from the state board of health, as provided in articles II and VIII, ch. 27, Rev. St. 1913.

3. ———: ———. Every such treatment constitutes a separate offense, although of the same individual and for the same physical or mental ailment, if such treatments are on different days and entirely independent of each other.

4. **Evidence.** The evidence is found to be insufficient to support the conviction upon the second count in the information.

ERROR to the district court for Thayer county: LESLIE G. HURD, JUDGE. *Reversed in part and affirmed in part.*

*C. L. Richards* and *Sol L. Long,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant was convicted of practicing medicine without a license on each of nine several counts in the information. He was sentenced by the court to pay a fine of $50 on each count, amounting to $450, and he has brought the case here for review upon petition in error.

1. The defendant's first complaint is that the information does not charge an offense. The reason for this objection stated in the brief is that it "does not inform the defendant whether he is charged with the violation of the medical practice act, article II of chapter 27, or article VIII, commencing with section 2788, being the article of the statute governing osteopathy." Each count of the information contains this allegation: "Did then and there for remuneration unlawfully practice medicine by unlawfully treating and attempting to heal one (name of patient) for a bodily ailment through the manipulation and adjustment with the hands by the said Earle A. Harvey, of certain nerves, bones and tissues of the body of the said (name of patient) without first having issued to him, the said Earle A. Harvey, by the state board of health of the state of Nebraska, a certificate or license to practice medicine."

Section 2717, Rev. St. 1913, begins with these words: "It shall be unlawful for any person to practice medicine, surgery or obstetrics or any of the branches thereof, in this state, without first having applied for and obtained from the state board of health a license so to do."

Section 2723 is as follows: "Any person not possessing the qualifications for the practice of medicine, surgery, or obstetrics, required by the provisions of this chapter, or any person who has not complied with the provisions of this chapter who shall engage in the practice of medicine, surgery, or obstetrics, or any of the branches thereof, in this state, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty dollars, nor more than three hundred dollars, and costs of prosecution for each offense."

Section 2724 provides: "Any person shall be regarded as practicing medicine, within the meaning of this chapter, who shall operate on, profess to heal or prescribe f r, or otherwise treat any physical or mental ailment of another." The information without doubt charges offenses under these sections.

2. It is said that "the offense of practicing medicine under our statute without a license is a continuing offense," and it is therefore contended that the information charges but one offense, that of engaging in the practice of medicine, and that the court should have required the prosecution to elect upon which count of the information it would rely. In *Little v. State*, 60 Neb. 749, the information contained 16 counts, and it was held that the court did not err in refusing to require the prosecution to elect. Three counts in the information in the case at bar charged treatment of the same individual, but these treatments were on different days, and not dependent upon each other, and each was a violation of the law, within the decision in the *Little* case.

3. The second count of the information charged defendant with treating "Baby Mitchell, the unchristened infant." There is no evidence that defendant was paid or expected any remuneration for treating this child. He seems to have been spoken to about the condition of the child as a friend of the family, and it is very uncertain from the evidence what, if anything, he did that might be considered a treatment. This count is not sustained by the evidence.

4. Much is said in the brief about the "liberty of the citizens to follow a profession" and to "pursue a lawful calling in a lawful manner." It is said that the state cannot "prohibit any calling or profession, save and except it be detrimental to public welfare, public morals, public health, or a disturbance of the public peace. The state may not indirectly prohibit what it cannot prohibit directly, i. e., it may not prohibit the exercise and practice of chiropractic by refusing to provide an examination in the curriculum taught in the best schools and colleges of chiropractic—those branches deemed essential and put in operation by leading chiropractors—and compelling the chiropractor to procure a diploma from a medical college and take an examination in the curriculum of some one of the sects of drug-medication." This objection was

urged and passed upon in *Little v. State,* 60 Neb. 749. The court said: "It is insisted that the statute under consideration is void because it is prohibitive in its scope and effect. The construction of the act which counsel places upon it we are unwilling to adopt. The statute undertakes to regulate, and is not prohibitive in its nature. Any one who has complied with the provisions may practice medicine in this state. It is prohibitive only as to those who have not been duly licensed by the state board of health to practice the art of healing."

In that case the practice of osteopathy was involved, and the questions presented were entirely similar and may be said to be generally identical with those presented in the case at bar. The conviction was sustained, and the legislature afterwards enacted a law regulating the practice of osteopathy and providing for licensing such practice. Laws 1909, ch. 86. Some of the questions presented ap-appeal strongly to one's sense of justice, and would be difficult of solution if they were not foreclosed by the statute and the early decisions of this court. The case of *State v. Buswell,* 40 Neb. 158, involved what is called Christian science healing, and was determined more than 20 years ago, upholding the statute. The *Little* case, above referred to as involving the practice of osteopathy, also upholds the statute and was decided about 14 years ago. This court cannot amend the statutes, nor disregard the early decisions upholding and construing those statutes. The legislature has had ample opportunity to modify the laws, if they are considered harsh, unjust or impolitic, and, not having done so, they must be enforced as the will of the public expressed through its lawmaking powers. All objections raised in the brief, except as to the second count of the information, are answered by the plain provisions of the statute, as construed by early decisions of this court.

The judgment of guilty on the second count of the information is reversed. In all other respects the judgment

of the district court is affirmed; each party to pay his own costs in this court.

JUDGMENT ACCORDINGLY.

REESE, C. J., dissents.

HAMER, J., dissenting.

I am unable to agree with the majority opinion. I take the view that the thing to be done is not properly "medicine." It does not approach nearer to medicine than a massage. The man who sits down in a barber's chair and has his face, neck and head rubbed will no doubt be benefited if he is in a nervous condition. The nerves will be quieted because the brain is the center. The principle contended for here by the prosecution would forbid the barber to exercise his art, and would also forbid a massage in the bathroom. I do not believe that obstacles should be placed in the way of making the individual comfortable. I insist that the art of the chiropractor is not medicine, neither is it surgery although it may be beneficial, and it is not forbidden by chapter 55 of the Compiled Statutes.