REQUESTED BY: Richard P. Nelson, Director, Department of Health and Human Services, Regulation and Licensure
You have requested our opinion on the following: 1. Does Neb. Rev. Stat. § 71-1,102 prevent an individual licensed as a chiropractor from using the term "chiropractic physician"? And 2. Does the Department or the Board of Chiropractic have sufficient statutory authority to define in its regulations the term "chiropractic physician or chiropractor" as an individual who is currently licensed to practice chiropractic? For the reasons below, we conclude that Neb. Rev. Stat. § 71-1,102 and other Nebraska statutes are ambiguous on the question of whether a chiropractor may be identified as a "chiropractic physician." This is an ambiguity that may be appropriately resolved by the Board of Chiropractic pursuant to Neb. Rev. Stat. § 71-112.03 which provides that the purpose of the Board is to "provide for the health, safety and welfare of the citizens" and to "control the profession in the interest of consumer protection."
Neb. Rev. Stat. § 71-1,102(6) (Cum. Supp. 2000) provides that "persons who attach to their name the title of M.D., surgeon, physician, physician and surgeon, or any word or abbreviation indicating that they are engaged in the treatment or diagnosis of ailments, diseases, injuries, pain, deformity, infirmity, or any physical or mental condition of human beings" is deemed to be engaged in the practice of medicine and surgery. While this would prohibit a chiropractor from identifying himself or herself as a "physician," it does not say that someone who identifies himself or herself as a "chiropractic physician" is deemed to be engaged in the practice of medicine and surgery.
It might be argued that the term "chiropractic physician" is a "word or abbreviation indicating that they are engaged in the treatment or diagnosis of ailments, diseases, injuries, pain . . . of human beings." However, we are of the opinion that such a reading would be overly broad. Neb. Rev. Stat. § 71-177 (Reissue 1996) defines the practice of chiropractic "as being one or a combination of the following, without the use of drugs or surgery . . . the science and art of treating human ailments, disorders and diseases by locating and removing any interference with the transmission and expression of nerve energy in the human body by chiropractic adjustment, chiropractic physiotherapy, and the use of exercise, nutrition, dietary guidance and colonic irrigation." Therefore, the words "chiropractor" or "chiropractic" are words indicating that the person is engaged in the treatment or diagnosis of ailments, diseases and so forth. Clearly, § 71-1,102 cannot properly be read to prohibit a chiropractor from identifying himself as a chiropractor.
Likewise, Neb. Rev. Stat. § 71-107 (Cum. Supp. 2000) is ambiguous on the question of whether a chiropractor may identify himself or herself as a chiropractic physician. In pertinent part that section provides as follows:
 On all signs, announcements, stationery, and advertisements of persons credentialed to practice osteopathic medicine, chiropractic, podiatry, optometry, audiology, speech-language pathology, medical nutrition therapy, professional counseling, social work, marriage and family therapy, mental health practice, massage therapy, or physical therapy shall be placed the word "Osteopathic Physician, Chiropractor, Podiatrist, Optometrist, Audiologist, Speech-Language Pathologist, Medical Nutrition Therapist, Professional Counselor, Social Worker, Master Social Worker, Marriage and Family Therapist, Mental Health Practitioner, Massage Therapist, or Physical Therapist, as the case may be.
While this statute clearly requires that any sign, announcement and so forth must contain the word "chiropractor" it does not prohibit other words from being placed on the same sign. For example, Neb. Rev. Stat. § 71-107 clearly does not prohibit a chiropractor from including on a sign the statement "a licensed practitioner of chiropractic" so long as the sign also contains the word "chiropractor." Likewise, Neb. Rev. Stat. § 71-107 contains no express prohibition of the use of the word "chiropractic physician" so long as the sign also contains the word "chiropractor." As a result, we find that Neb. Rev. Stat. § 71-107 is ambiguous as to the appropriateness of the terminology "chiropractic physician."
There is a split of legal authority on the question of whether a chiropractor may identify himself or herself as a "chiropractic physician." Generally speaking, of course, this is a question of state law that can vary from state to state. A statute in one state might specifically authorize the use of the term "chiropractic physician" while a statute in another state might explicitly prohibit the use of that term. In other cases, including Nebraska, the state law may be ambiguous. In such circumstances, various courts have reached different conclusions.
The Nebraska Supreme Court has never addressed this question. In our opinion, the most recent state supreme court and the one opinion most relevant to the present inquiry, comes from the State of Wyoming in the case of Johnson v. Wyoming ex rel. Wyoming Board of Medicine, 986 P.2d 157
(1999). In that case the court stated as follows:
The appellee claims that, by using the term "chiropractic physician," Dean violated § 33-26-102(a)(xi)(C) of the Medical Practice Act, which includes in the definition of practicing medicine any person who "[a]ttaches the title of M.D., D.O., physician, surgeon, osteopathic physician or osteopathic surgeon, doctor, or any other words, letters or abbreviations which represent the person as being engaged in the practice of medicine."
The statute is clear as to what is prohibited. It does not prohibit the use of the term "chiropractic physician." That term does not represent that the person is engaged in the practice of medicine. We hold that a chiropractor licensed to practice in Wyoming does not violate the medical practice act by using the reference "chiropractic physician."
The Wyoming statute is, in important part, nearly identical to Nebraska statute 71-102. While the Wyoming opinion is not dispositive of Nebraska law, it clearly demonstrates that statutes such as Nebraska's could appropriately be interpreted to allow use of the term "chiropractic physician."
Other courts have reached the opposite conclusion. See, for example, Beverungen v. Briele, 25 Md. App. 233, 33 A.2d 664 (1975) (in which the Court of Special Appeals of Maryland held that a "chiropractor" may not be designated as "chiropractic physician") and People v. Christie, 95 Cal.App.2d Supp. 919, 212 P.2d 629 (1949) (in which a California court found that the term "physician" and "chiropractic physician" may be employed solely by doctors of medicine).
The State Attorney General opinions from other states are also divided on the question. In an opinion dated February 22, 1982, the Attorney General of South Carolina held that a chiropractor may lawfully refer to himself as a chiropractic physician. The South Carolina Attorney General relied on the fact that the South Carolina Supreme Court had ruled that the practice of chiropractic was the practice of a field of medicine. The South Carolina Attorney General stated as follows:
 The South Carolina Supreme Court has held, both before and after passage of the Chiropractic Act of 1932, that chiropractic is a field of medicine and that chiropractors are practitioners of medicine, albeit in a narrow field. [citations omitted] In Williams, the court refused to make any distinction between `practitioners of medicine' and `physicians', asserting that to do otherwise would be `straining at a gnat.' [citation omitted] Thus, our Court held in Williams that a duly licensed practitioner of a recognized branch of medicine — including chiropractic — is a physician, at least to the extent that he limits his activities to the scope of his profession.
Like the South Carolina Supreme Court, the Nebraska Supreme Court has held that the practice of chiropractic is the practice of medicine in Harvey v. State, 96 Neb. 786 (1914). In 1914 there were no Nebraska statutes providing for the licensing of chiropractors. Harvey engaged in the practice of chiropractic and was convicted of practicing medicine without a license. The Nebraska Legislature subsequently enacted statutes providing for the licensing of chiropractors to practice in that narrower field of medicine. The reasoning of South Carolina Attorney General would appear applicable to our current situation.
The Texas Attorney General in an opinion dated December 28, 1990, said that the Texas Board of Chiropractic Examiners could adopt a rule authorizing a chiropractor to use the title "chiropractic physician." The Texas Attorney General stated as follows:
 We understand you to ask whether the board is authorized to promulgate a rule permitting a chiropractor to use the title `chiropractic physician'D' in addition to one of the designations that chiropractors are required by [Texas law] to employ. We conclude that it does.
 Administrative agencies may promulgate rules when express authority to do so is conferred by statute or when such implied authority is necessary to accomplish the purpose of the statute. [citations omitted] Hence, when a statute expressly authorizes an agency to regulate an industry or profession, it impliedly authorizes the adoption of regulations to accomplish that purpose.
The Texas Attorney General also addressed the fact that Texas law specifically provided that a person licensed by the Texas Board of Chiropractors must use one of the following terms: "chiropractor; doctor, D.C.; doctor of Chiropractic; D.C." The Texas Attorney General said that while Texas law required that one of these terms be used on stationery, signs, etc., the statute did not preclude the use of other properly descriptive terms.
On the other hand, the Attorneys General of Maine, California and Kansas have reached the opposite conclusion about the use of the term "chiropractic physician" based upon the statutes in those states.
As previously noted in this opinion, thoughtful courts and legal practitioners have reached remarkably different conclusions on whether the term "chiropractic physician" may properly be employed by a licensed chiropractor. Under these circumstances, this appears to us to be an issue properly resolved by the Board of Chiropractic.
One important purpose of rulemaking is to resolve ambiguities in a statute. Courts give deference to administrative interpretations of ambiguous statutes which are rendered by the appropriate rulemaking body. Under Neb. Rev. Stat. § 71-112.03 (Reissue 1996) the Board of Chiropractic's responsibility to provide for the health, safety and welfare of citizens and control their profession in the interest of consumer protection appears to us to be broad enough to enable the Board to apply its expertise to resolve this question concerning the practice of chiropractic.
In sum, it is our opinion that because Nebraska statutes are ambiguous, it is within the authority of the Board of Chiropractic to resolve this ambiguity and to authorize chiropractors to identify themselves as chiropractic physicians. However, pursuant to Neb. Rev. Stat. § 71-107 all signs, announcements, stationery, and advertisements must include the word "chiropractor" in addition to any other lawfully recognized terminology.
Sincerely,
 DON STENBERG Attorney General