ANDREW J. MCARTHUR V. STATE OF NEBRASKA.

FILED JUNE 20, 1900.   No. 11,231.

1. **Intoxicating Liquor:** DISTINCT SALES: JOINDER IN INFORMATION: ELECTION. Several unlawful sales of intoxicating liquors may be joined in the same information, and the state will not be required to elect upon which count it will rely for a conviction.

2. ———: LIMITATION. A prosecution for the sale of intoxicating liquors without a license must be brought within eighteen months from the commission of the offense.

3. **Instruction:** PREJUDICE. A judgment will not be reversed for the giving of an erroneous instruction where it is manifest that the complaining party could not have been thereby prejudiced.

4. **Reasonable Doubt:** CONJECTURE. The definition of a reasonable doubt contained in the instructions did not permit the jury to enter the field of conjecture, but confined them to the consideration of the evidence adduced on the trial.

ERROR to the district court for Custer county. Tried below before SULLIVAN, J. *Affirmed.*

*C. L. Gutterson* and *Wall & Williams,* for plaintiff in error.

*Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy,* and *L. E. Kirkpatrick, contra.*

NORVAL, C. J.

An information filed in the court below contained 24 counts charging the defendant with as many different sales of intoxicating liquors without a license. Before verdict, the state dismissed as to 17 counts, and the accused was found guilty on the remaining 7 counts, and was fined $100 for each of the offenses of which he was convicted. The defendant filed a motion prior to the trial

to require the county attorney to elect upon which count he would proceed to trial, which motion was denied, and the ruling is now assailed. The decision on this point was proper. *Burrell v. State*, 25 Nebr., 581. In that case the indictment charged the defendant with 15 distinct violations of law by selling intoxicating liquors, and it was ruled that the several offenses could be joined in the same indictment, and a conviction could be had for each offense. It logically follows that the state was not required to elect the count under which it would claim a conviction.

Complaint is made of the giving of the instruction number 4 which, *inter alia*, told the jury that before they could return a verdict of guilty, they must find that the intoxicating liquors were sold at the time stated in the information, or "within eighteen months prior to the time charged in the information." This direction of the court was technically wrong and conflicts with section 256 of the Criminal Code, which provides, "nor shall any person be prosecuted, tried, or punished for any misdemeanor or other indictable offense below the grade of felony, * * * unless the indictment, information, or action for the same shall be found or instituted within one year and six months from the time of committing the offense, * * * or within one year for any offense the punishment of which is restricted to a fine not exceeding one hundred dollars, and to imprisonment not exceeding three months." The defendant was charged with misdemeanors, upon conviction of which the statute authorized the imposing of a fine not less than $100 nor more than $500 for each offense, or imprisonment not to exceed one month in the county jail. Compiled Statutes, ch. 50, sec. 11. The statute of limitations would run against the offenses charged against the accused in 18 months from the time of the commission thereof. The jury should have been so informed. The prisoner was not prejudiced by the instruction, for it was established beyond controversy that the unlawful sales were all made by him

within the statutory period of limitations. Had there been proof of sales of liquor more than 18 months prior to the filing of the information, prejudice would have resulted from the instruction. A judgment will not be reversed for the giving of an erroneous instruction which could not have prejudiced the unsuccessful litigant. *Converse v. Meyer*, 14 Nebr., 190.

The fifth instruction is criticised. It was thus: "By a reasonable doubt, as the term has been herein used, is not meant a doubt produced by undue sensibility in the mind of any juror in view of the consequences of his verdict. A juror should not create sources of material of doubt by resorting to trival or fanciful suppositions or remote conjectures as to probable states of facts differing from that established from the evidence. The proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment and understanding of ordinarily prudent men with a conviction upon which they would act in their own most important affairs and concerns of life." The vice imputed to the instruction, as stated by counsel, is that "impliedly this language tells the juror that he may create sources of material doubt by resorting to trivial or fanciful suppositions or remote conjectures as to probable states of facts so long as they do not differ from that established from the evidence. If the things mentioned do differ as stated, they are prohibited; if they do not differ, they are not prohibited."

The criticism on the charge is not merited. The instruction did not allow the jury to enter the field of conjecture or to wander outside of the evidence, but confines them to the testimony adduced on the trial in arriving at their verdict.

No other points are argued, and no reversible error appearing on the face of the record, the judgment is

AFFIRMED.