As the state appealed, this ruling, not the judgment, is *reversed.*

---

STATE OF IOWA, Appellee, v. ED. DENHARDT, Appellant.

**Illegal fishing:** JURISDICTION OF JUSTICE. Several counts charging
1  the seining of fish in violation of Code, section 2540, may be embraced in a single information, and the fact that the aggregate fine which may be imposed upon conviction will exceed $100, or imprisonment for more than thirty days, will not deprive the justice of jurisdiction.

**Information:** EVIDENCE: PUNISHMENT. On a prosecution for un-
2  lawful fishing, proof that defendant with others was engaged in seining and carrying away fish, will sustain a conviction without charging that he was aiding and assisting others in so doing; nor is the punishment limited by the number actually taken and carried away by the defendant.

*Appeal from Greene District Court.*—HON. F. M. POWERS, Judge.

TUESDAY, DECEMBER 12, 1905.

THE defendant was convicted of taking fish from waters in this state by unlawful means. The proceedings were commenced before a justice of the peace, and the information was in seventy-five counts, each charging the taking by

defendant on the 30th day of July, 1904, of a live fish from the Raccoon river, and not being a minnow taken for bait, by means and use of a fish seine. Upon a plea of not guilty trial was had to a jury, and there was a verdict returned in which the defendant was found guilty of the several offenses as charged in counts of the information numbered from one to fifty, inclusive. Thereupon the justice entered judgment that defendant pay a fine of $20 on each of the fifty counts, " amounting in all to $1,000, and the costs of this action, including attorney's fees and informants' fees, in the sum of $538, and to stand committed," etc. From such judgment the defendant appealed to the district court, where trial was had to a jury, resulting in a verdict of guilty under counts one to twenty, inclusive, of the information, and the judgment was that defendant pay a fine of $20 on each of such counts, amounting to $400, and the costs, including attorney's fees and informants' fees in a sum fixed. From such judgment, defendant appeals to this court.— *Affirmed.*

*Gallagher & Graham,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

BISHOP, J.— The provisions of statute under which the prosecution of defendant is based are Code Supp. 1902, sec. 2540 *et seq.,* and acts amendatory thereof. In brief these are that no one shall " at any time take from the waters of this state any fish, except minnows for bait, unless by hook and line." Upon conviction a violator shall pay a fine of not less than $1 and not more than $50, and costs of prosecution, for each offense, or be imprisoned, etc., and the taking of each fish shall be a separate offense. " In all prosecutions under this chapter, any number of violations may be included in the information, but each one shall be

set out in a separate count, and upon conviction there shall be taxed as a part of the costs in the case a fee of $5 to the informant, and a like fee of $5 to the attorney prosecuting the case, upon each count upon which there is a plea or verdict of guilty and judgment of conviction."

I.   Upon his appearance in the district court, defendant moved to dismiss, on the ground that the court was without jurisdiction, for that the justice of the peace from whose judgment the appeal was taken had no jurisdiction of the cause.   Such motion was overruled, and it is contended that this was error.   In support of such contention, counsel point out that under the Constitution of this State (article 1, sec. 11), a justice of the peace has jurisdiction in criminal cases only in cases less than felony, and in which the punishment does not exceed a fine of $100, or imprisonment for thirty days.   And it is the argument that by combining a number of alleged offenses in one information, although under different counts, as authorized by the statute, the justice is authorized to enter judgment on one trial for an amount in excess of the sum of $100, and may direct imprisonment for a period of more than thirty days.   And, in a qualified sense, this is true.   But it will be observed that the statute does no more than to authorize the bringing of more than one offense into the same information, and for each offense the punishment authorized is within the limit of $100, etc.   To so authorize is not violative of the constitutional provision.   The purpose of the statute, and the only effect thereof, is to facilitate prosecutions by avoiding a necessity for proceedings wholly separate as related to each offense.   The Constitution " does not declare that distinct offenses shall not be included in the same information, and only applies to a case where a fine may be imposed for a single offense for more than $100." *Jackson v. Boyd,* 53 Iowa, 536.   As the justice had jurisdiction, it follows that the district court took jurisdiction by the ap-

*1. ILLEGAL FISHING: jurisdiction of justice.*

peal. The statute provides for trial anew in the appellate court, and we have no need, therefore, to give consideration to any question arising out of the form of the judgment as entered by the justice.

II. At the close of the evidence for the state, the defendant moved for a directed verdict on the ground, among others, that the evidence did not warrant a verdict of guilty.

2. INFORMATION: evidence: punishment.

The motion was overruled, and we think rightly so. It appears that defendant and others, at the time and place alleged, were engaged in drawing a seine in the Raccoon river; that thereby fish to the number of more than twenty were taken from the water, and carried away. It does not matter who carried them away, and if defendant was aiding and assisting in drawing the seine, and in taking the fish 'thus caught from the water — and that he was, the evidence leaves no room to doubt — then he was guilty. It was not necessary to charge that defendant was " aiding or assisting other persons in taking fish; " nor is it true that he could be convicted only in respect of the number of fish by his hand taken from the water. Code, sec. 5299; *State v. Brown,* 25 Iowa, 561; *State v. Stanley,* 48 Iowa, 221.

III. Complaint is made because of the refusal of the court to give certain instructions as requested by the defendant. We need not set them out. As they were not appropriate, separately considered, to the case as made under the information and by the evidence, there was no error in the refusal to give the same or any thereof. The instructions as given, correctly, and with sufficient fullness, stated the law of the case.

There was no error, and the judgment is *affirmed.*