### JOHN C. HAARMANN V. STATE OF NEBRASKA.

#### FILED MARCH 22, 1924.   NO. 23744.

Intoxicating Liquors:   INFORMATION.   Defendant was charged in one
count of an information with unlawful possession of intoxicating
liquor, and in another count with unlawful transportation of
intoxicating liquor.   He was convicted and fined on both counts.
The evidence showed that after the act of transportation had
ceased defendant was in possession of the liquor.   Two separate
crimes were committed, and there was no error in joining the
counts or in trying defendant on both counts at the same trial.

ERROR to the district court for Otoe county: JAMES T.
BEGLEY, JUDGE.   *Affirmed.*

*E. H. McCarthy* and *D. W. Livingston,* for plaintiff in
error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and GOOD,
JJ.

LETTON, J.

The accused was charged in the  first count of the infor-
mation with the unlawful possession of intoxicating liquor,
and in the second count with the unlawful transportation
of intoxicating liquor, the automobile in which it was trans-
ported being described in the information.   He was con-
victed, and a penalty imposed upon both counts.

It is first asssigned that the proof was insufficient to es-
tablish that the liquor was intoxicating; that the only
testimony of its intoxicating nature was that of witnesses
who smelled it, and that this taken alone is insufficient
evidence to sustain a conviction.   But the evidence rests
upon more than the mere odor of the liquor.   It is shown
that officers found a quart bottle about half full of liquid,
and a gallon can in the automobile; that two witnesses
smelled the contents and were of the opinion that the liquor
contained therein was intoxicating.   If this were all, the
proof would be insufficient under *Hutter v. State,* 104 Neb.

9. But four or five witnesses testified to direct admissions by the accused that he had intoxicating liquor in the car. There is evidence that he was partially intoxicated when arrested. It is also shown that, at a time when the officers were temporarily absent from the car, leaving defendant · in control of it and its contents, the vessels containing the liquor were abstracted by some one unknown, and that defendant was at the car when the officers returned. The liquor was not afterwards found. All these facts taken together are sufficient to support a conviction for possession.

Complaint is made that there is no proof that the liquor was transported by the accused except during the time when the car was in the custody of the officers, being moved through the streets of the village. But the fact that the accused, who was not a resident thereof, drove his automobile into the village, that the vessels containing the liquor were almost immediately found in the car, that he told witnesses that he had "Booze," and at least one that he had liquor that he "had brought down for a friend," are sufficient to establish unlawful transportation. The evidence of defendant is that the only liquid he had in the car was ginger ale. He denies the statements attributed to him as to having had liquor in the car, and denies that he was intoxicated, but the circumstances tend to discredit these claims.

It is said that, though the information contains two counts, the evidence proves only one crime, if any. There is no proof of possession of the liquor other than in the automobile. The question which has given us the most trouble is whether a conviction can be sustained upon each of two counts, one charging unlawful possession and the other unlawful transportation, when the only proof of possession is possession in the vehicle in which the liquor had been transported. The authorities seem to be somewhat divided upon this question, but it will be seen that the defendant remained in possession of the liquor after his transportation of it into the village of Unadilla had ceased, and it may reasonably be inferred that in the ab-

sence of the officers it was removed by him. In *Massey v. United States*, 281 Fed. 293, the defendant had transported intoxicating liquor in an automobile and then carried it into a dwelling-house. The court said: "There was evidence that the defendant transported intoxicating liquor in an automobile, and then carried it into a dwelling-house, where he was in possession of it. The national prohibition act penalizes the illegal possession, as well as the illegal transportation, of such liquor. Transportation involves elements of carriage or removal from one place to another that are not involved in mere possession. Separate acts, though parts of a continuous transaction, may be made separate crimes by the legislative power, as in the case of one who unlawfully breaks and enters a building with intent to steal, and thereupon does steal while in the building. * * * The two offenses here involved were distinct, because the evidence to support the charge of possession was not sufficient to sustain the charge of transportation, without proof of an additional fact. *Gavieres v. United States*, 220 U. S. 338, 342."

This case, with others, is reviewed in a learned opinion in *State v. Marchindo*, 65 Mont. 431. The question is considered at length, citing and discussing numerous cases, and a conviction upon three counts of an information which charged the defendant with unlawful sale of liquors, with the unlawful possession of liquor, and with unlawfully maintaining a common nuisance, was affirmed. The prohibition statute of Montana is like ours, which provides that in an information for the violation of the act separate offenses may be united in several counts, the defendant tried on all at one trial, and the penalty for all the offenses imposed. Comp. St. 1922, sec. 3278. Even before the enactment of this law, it was held by this court that in misdemeanor cases separate offenses of the same nature might be joined in an information and the defendant tried on all of them at the same trial. *Burrell v. State*, 25 Neb. 581; *Little v. State*, 60 Neb. 749; *McArthur v. State*, 60 Neb. 390.

The usual rule applied in the determination of like ques-
tions is whether the same evidence would sustain a con-
viction under each count, or whether one of the counts re-
quires proof additional to that required in the other. In
order to convict defendant of unlawful transportation, it
was necessary to prove that he had driven the automobile
containing the liquor into the village where he was found
in possession of it. As soon as the act of transportation
ceased, the crime of unlawful transportation was complete,
and by retaining possession of the contraband goods he
was then guilty of the other offense.

A number of other assignments of error have been made,
but we are convinced that the errors assigned, if any were
committed, were not prejudicial. The judgment of the
lower court is

AFFIRMED.