(104 So. 308)

No. 27112.

STATE v. MELERINE.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ☞173 — Conviction for both transporting and possessing the same quantity of whisky will be sustained.

It is possible to commit more than one offense with one and the same quantity of intoxicating liquor, so that conviction under both counts of information, one count charging transportation of certain quantity of whisky and the other charging possession of the same quantity, will be sustained.

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge.

James Melerine was convicted of transporting whisky for beverage purposes, and of having whisky in his possession for the purpose of sale, and he appeals. Affirmed.

John J. Brown, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans, and Percy T. Ogden, Asst. Atty. Gen., for the State.

O'NIELL, C. J. Appellant was prosecuted under a bill of information charging two violations of the Prohibition Law. In the first count he was accused of having transported 144 bottles of whisky for beverage purposes; and in the second count he was accused of having afterwards had 144 bottles of whisky in his possession for sale,

having already committed the first offense. He was convicted on both counts, and was sentenced to pay a fine of $350 for each offense, and to be imprisoned 10 days, and in default of payment of the fine, to be imprisoned 30 days longer. The terms of imprisonment were declared to be concurrent, making only one absolute sentence of 10 days, and one alternative sentence of 30 days in default of payment of the fine.

There was no bill of exception taken to any ruling of the court. The only complaint is in an assignment of error. That is with regard to the double fine. It is contended that the transporting of intoxicating liquor is only one offense, even though the party transporting the liquor has it in his possession. That might be so under some circumstances, but it was not so according to the bill of information in this case. The coincidence that 144 bottles of whisky figured in each offense, even though it was the identical whisky in each instance, did not make the two offenses one offense. It is not impossible to commit more than one offense with one and the same quantity of intoxicating liquor.

The verdict and sentence are affirmed.