ALLEN v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawful possession and transportation—
Sections 6212-15 and 6212-17, General Code—Single act
may be separate offenses—Acquittal or conviction of one
offense not bar to subsequent prosecution.*

1. Under Sections 6212-15 and 6212-17, General Code, pro-
hibiting transportation, possession, and other designated
methods of handling liquor, each method constitutes a
separate and distinct offense.
2. Legislature may carve out of single act or transaction
several offenses, so that individual may at same time and
in same transaction commit separate crimes, in which
case acquittal or conviction in one is not bar to indict-
ment for other.
3. Under Sections 6212-15 and 6212-17, General Code, charges
of possessing and transporting liquor were distinct offenses,
though both acts took place at about same time, and
concerned same liquor, and same evidential facts and con-
viction of possession did not bar subsequent prosecution
for transporting same liquor.

(Decided September 22, 1926.)

ERROR: Court of Appeals for Morgan county.

*Mr. M. E. Danford,* for plaintiff in error.
*Mr. G. O. McGonagle,* prosecuting attorney, for
defendant in error.

HOUCK, P. J.   This case grows out of two
affidavits filed in the common pleas court of Mor-
gan county, Ohio, in which the plaintiff in error,
Pearl Allen, was charged with the unlawful pos-
session of intoxicating liquor and unlawful trans-
porting of intoxicating liquor.

The error here complained of is the action of the trial judge in sustaining a demurrer to the plea in bar filed by the accused to the affidavit charging transportation of intoxicating liquor.

The cause was ably presented to this court by written briefs of counsel for the accused and the state of Ohio.

The question raised by learned counsel for plaintiff in error is so clearly and fully stated in his brief that we here adopt it as the statement of facts by the court, being as follows:

"The demurrer filed in this case to the plea in bar, of plaintiff in error, admits all the facts well pleaded in said plea in bar; and this plea shows that an affidavit was filed before Judge Harry M. Finley on May 11, 1925, charging this plaintiff in error with possessing intoxicating liquor on May 9, 1925. There can be no question of the jurisdiction of said judge to entertain said charge. A plea of guilty was entered to that charge, and a valid sentence of law was pronounced thereon, and which is final.

"The affidavit filed in this case was filed by the same person, charging transportation at the same time, May 9, 1925, and by this same person; and both affidavits charge the liquor to be whisky. The plea shows on its face that the liquors in said affidavit so charged as being unlawfully possessed by the accused are the identical liquors in the affidavit in this case charged as having been unlawfully transported by the defendant below in said automobile; and the possession of liquors so charged in said affidavit as being unlawful, and to which said plea of guilty was entered, is the same possession so charged as being had by this defend-

ant while transporting the same, as alleged in the affidavit filed in this case, and said two charges relate to the same time, occasion, liquor, transaction, and alleged criminal conduct.''

And counsel for plaintiff in error says in his argument: ''This plea was intended to, and it does, state and show that the defendant below had no other possession of the liquor than that possession which was necessary for him to have, in making the transportation thereof. There can be, in this case, no transportation of the liquor, unless this defendant had it for transportation, and his having it and possessing it while transporting it, was the only possession he had, and, when he pleaded guilty to that possession, he pleaded guilty to the main and essential thing embodied and necessarily contained in the charge of transporting, for he must transport the liquor, and his plea of guilty of possession ends that feature of the charge, and leaves the charge to be simply transporting, without the balance of the charge, to wit, liquor. The state accepted the plea to possessing, and so its power to further prosecute this defendant for having this liquor in his possession at that time and place was exhausted.''

If this claim of counsel is sound, then there is prejudicial error in the record below, and the judgment should be reversed.

The prosecutions now under review were made under favor of Section 6212-15, General Code, which provides: ''No person shall * * * manufacture, sell, barter, transport, import, export, deliver, furnish, receive, give away, prescribe, possess, solicit or advertise any intoxicating liquors,'' etc.

The plea in bar in this case in legal effect says

that the offenses here charged are not separate and distinct offenses, but are one and the same. However, it will be observed from a reading of the above statute that it clearly states that "no person shall,  * * * manufacture, sell, barter, transport,  * * * furnish,  * * * possess," "give away, prescribe," etc., which clearly indicates that the Legislature intended to make each one of the declared things an offense.

The language of the statute is clear, definite, and certain; and, if language in a statute means anything, and is to be interpreted and construed according to the plain words and language used, then the charges or offenses named in the affidavits in question are not one and the same, but are separate and distinct offenses, viz. one of possessing intoxicating liquor, the other of transporting intoxicating liquor.

The penalty for violating any of the provisions of Section 6212-15, General Code, is contained in Section 6212-17, General Code, which provides that any person violating or failing to comply with any of the provisions of the act, for which a penalty is not therein prescribed, "for a first offense shall be fined not less than one hundred dollars nor more than one thousand dollars; for a second offense he shall be fined not less than three hundred dollars nor more than two thousand dollars," etc.

In the present case it may be stated, and we think properly so, that the offense of transportation was fully completed before the car stopped. The offense of possession was a separate and distinct prohibited act, and may have been completed even before transportation began.

We think the rule is well settled that the Legisla-

ture may carve out of a single act or transaction several crimes or offenses, so that the individual may at the same time and in the same transaction commit several separate or distinct crimes. And in such case an acquittal or conviction of one will not be a bar to a charge, information, or indictment, for the other. We find and hold this rule applicable to the statute now under consideration.

The foundation of one of the offenses charged against Allen was the possession of intoxicating liquor; of the other, illegally transporting intoxicating liquor. The crimes so charged were distinct and separate offenses, notwithstanding the acts of possessing and transporting took place at about the same time, and concerned the same liquor and the same evidential facts.

We cite the following rule as decisive of the question presented: ''A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed.'' 8 Ruling Case Law, 151.

This case is one of importance to the accused as well as to the public generally, and has been given our most careful attention; yet we think the rule of law laid down in the case of *Schoenung* v. *State of Ohio,* 16 Ohio App., p. 65, is decisive, in favor of the state, of the question presented by the record. The third proposition of the syllabus reads:

"The unlawful sale of intoxicating liquor can be charged as a second offense under the Crabbe Act (Sections 6212-13 to 6212-20, General Code) where the first conviction was for the illegal possession of intoxicating liquor."

It seems to us that further comment is unnecessary, except to say that the trial judge committed no prejudicial error against the plaintiff in error in sustaining the demurrer of the state of Ohio to the plea in bar of the accused.

*Judgment of the common pleas court affirmed.*

SHIELDS, J., concurs.
PATTERSON, J., not participating.