## DAVID O. BROWN V. STATE OF NEBRASKA.

### FILED MARCH 25, 1927. NO. 25603.

1. **Criminal Law:** COMPLAINT: SEPARATE COUNTS: POWER OF JUSTICE OF PEACE. Section 18, art. V of the Constitution, provides: "No justice of the peace shall have jurisdiction in any civil case where the amount in controversy shall exceed two hundred dollars; nor in a criminal case where the punishment may exceed three months imprisonment, and a fine of over one hundred dollars, or both." Examined in connection with section 3278, Comp. St. 1922, which provides, among other things, in substance, that separate offenses may be set out in separate counts of the complaint and that judgment may be rendered upon each count; and examined, also, in connection with section 1, ch. 57, Laws 1925, which provides, in substance, that magistrates shall have concurrent jurisdiction with the district court and coextensive with their respective counties, in criminal cases, where the punishment does not exceed three months imprisonment and a fine of $100. *held*, that a number of separate violations of the liquor laws may be set out in distinct counts of a complaint, and where the defendant is found guilty upon separate counts of the complaint, it is within the jurisdiction of the justice of the peace to impose a penalty within the limit of his jurisdiction upon each count of the complaint upon which the defendant is found guilty.

2. ———: POWER OF JUSTICE OF THE PEACE. The term, "in a criminal case," in section 18, art. V, of the Constitution, in connection with the jurisdiction of a justice of the peace, is used in the sense and refers to a single violation of the law.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Edward F. Hannon* and *Prince & Prince,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

This case is before us on a petition in error brought by David O. Brown, defendant, to review a judgment of the district court for Custer county, affirming a judgment of a justice of the peace, wherein the defendant was convicted upon several counts of the complaint and sentenced to serve a term in jail and pay a fine for violating the liquor laws of the state.

Complaint was filed before the justice of the peace, charging the defendant in eight separate counts with having violated the liquor laws of the state. Each count charged a separate offense. In the same complaint a count was filed against a Ford automobile which was specifically described. On the trial before the justice, defendant was found guilty upon counts 1, 3, 4, 6, 7, and 8 of the complaint, and not guilty upon the second and fifth counts. The justice also found that the Ford automobile was a common nuisance, and ordered the same confiscated and sold at public auction to the highest cash bidder, and the proceeds of the sale placed to the credit of the school fund of Custer county.

Upon count 1, defendant was sentenced to jail for a period of 90 days. Upon counts 3, 4, 6, and 7, defendant was fined $100 on each count and sentenced to serve a term in jail of 90 days on each count. On count 8, defendant was sentenced to 60 days in jail. The justice also adjudged that the sentence on the counts upon which defendant was found guilty should run consecutively. The result of the judgment imposed by the justice in the aggregate would require the defendant to serve 510 days in the county jail, pay a fine of $400, and suffer confiscation of the automobile. For reasons unexplained, defendant was not represented at the trial before the justice of the peace.

From the judgment entered by the justice of the peace,

defendant attempted to appeal to the district court; but, owing to some defect in the procedure, he voluntarily dismissed the appeal and brought the case to the district court on error. He filed a transcript of the proceedings before the justice, but had no bill of exceptions. Defendant contends that the justice of the peace had no jurisdiction to impose a jail sentence in excess of 90 days, nor to impose a fine in excess of $100. He also argues that on the face of the record the alleged offenses arose out of the same transaction, that but one offense was charged, and that but one penalty should have been exacted.

As to the objection that the several counts arose out of the same transaction, there is nothing in the record to sustain this contention. It is true that the counts set forth in the complaint charge that the offenses were committed "on or about the 5th of February." But, under an allegation of this character, an offense which has been committed at any time prior to the date alleged and within the statute of limitations might be the subject of that particular count. We have examined the different counts of the complaint and each charges a separate offense under the liquor laws of the state. Whether any of these constitute the same transaction can only be determined by the facts which, as before stated, are not before us.

Before the enactment of section 3278, Comp. St. 1922, it had been long the settled practice in this state that, in misdemeanor cases, separate offenses of the same nature might be joined in an information and the defendant tried on all of them at the same time. In *Burrell v. State*, 25 Neb. 581, defendant was charged in 17 counts with violation of the liquor laws of the state, each of the counts charging a separate misdemeanor. He was convicted on 16 of the counts and adjudged to pay a fine of $1,525 and costs. In that case it was held: "In the case of misdemeanor several distinct offenses of the same kind may be joined in the same indictment." It was also held that separate sentence should be passed on each count of the indictment upon which defendant is found guilty. The same principle was announced in

*Little v. State,* 60 Neb. 749, *McArthur v. State,* 60 Neb. 390, and *Haarmann v. State,* 111 Neb. 790.

The rule is well established that, where a defendant has been convicted at the same term of court of several distinct offenses, each punishable by imprisonment in the penitentiary, whether charged in separate informations or in separate counts of the same information, the court may impose a separate sentence for each offense of which the accused has been found guilty.

"In such case, the judgment should not fix the day on which each successive term of imprisonment should begin, but should simply direct that each successive term should commence at the expiration of the one imposed by the previous sentence." *In re Walsh,* 37 Neb. 454.

In *Nichols v. State,* 49 Neb. 777, it was held: "Where an information contains different counts, each charging the defendant with the sale of intoxicating liquors in violation of section 11, ch. 50, Comp. St. 1895, and he is found guilty under several counts, the punishment is not to be aggregated so as to make a single or entire punishment for all of the offenses, but a separate sentence is to be imposed for each conviction, the same as though all such offenses were charged in separate informations and at different times."

As bearing on the same general question, see *Hans v. State,* 50 Neb. 150, *White v. State,* 88 Neb. 177, and *State v. Denhardt,* 129 Ia. 135.

In *Haarmann v. State,* 111 Neb. 790: "Defendant was charged in one count of an information with unlawful possession of intoxicating liquor, and in another count with unlawful transportation of intoxicating liquor. He was convicted and fined on both counts. The evidence showed that after the act of transportation had ceased defendant was in possession of the liquor. Two separate crimes were committed and there was no error in joining the counts or in trying defendant on both counts at the same trial."

The cases heretofore cited have come from judgments in courts of general jurisdiction, and the question arises whether the rules of practice applicable in the district court

should be applied in the justice courts within their jurisdiction. Section 3278, Comp. St. 1922, in so far as applicable to the question now being considered, reads as follows: "In any indictment, information, complaint or affidavit, against any one or more individuals charging the violation of any of the provisions of this act, separate offenses may be set out in separate counts, and any and all offenses hereunder may be joined in the same indictment, information, complaint or affidavit, and the accused may be prosecuted and convicted upon all or any of said counts so joined the same as upon separate indictments, information, complaint or affidavits, and judgment may be rendered on each count upon which there is a conviction."

That this section of the statute refers to proceedings in all courts having jurisdiction of the subject matter seems to be free from doubt, and that it includes within its operation justices of the peace is equally clear. Section 18, art. V of the Constitution, provides: "No justice of the peace shall have jurisdiction in any civil case where the amount in controversy shall exceed two hundred dollars; nor in a criminal case where the punishment may exceed three months imprisonment, and fine of over one hundred dollars, or both." Section 1, ch. 57, Laws 1925, provides: "Magistrates shall have jurisdiction concurrent with the district court and coextensive with their respective counties, in all criminal cases where the punishment cannot exceed three months imprisonment, and a fine of one hundred dollars, or both, except as otherwise provided by law." The term "in a criminal case" in section 18, art. V of the Constitution, in connection with the jurisdiction of a justice of the peace, is used in the sense and refers to a single violation of the law. While the decisions are not uniform, there is abundant authority supporting the rule that, "Where there are separate causes of action upon distinct contracts, each for a sum within the justice's jurisdiction, they may be joined in one action although the aggregate amount exceeds the jurisdiction." 35 C. J. 522, sec. 90. The rule is otherwise, however, where several demands arise out of the same trans-

Brown v. State.

action and constitute but a single cause of action. In such cases the aggregate fixes the justice's jurisdiction. 35 C. J. 522, sec. 90, and cases cited. By analogy, it would seem that the same rule would apply in criminal cases.

There can be no doubt that, if separate complaints had been filed against defendant, charging the offenses set out in the several counts of the complaint, the defendant could have been tried on each complaint, and, if found guilty, punishment could have been imposed upon each of the offenses to the limit fixed by law. Does it militate against this rule that the several offenses were set out in different counts of the same complaint? We think not. The purpose of the statute in permitting several offenses of the same general character to be set out in different counts of the same complaint was to facilitate prosecution and avoid the necessity of filing a number of complaints, and to save time and expense of numerous trials. Each count being a separate offense, it was within the power of the justice to impose a penalty upon each offense upon which defendant was found guilty, provided, of course, that the punishment imposed on each offense did not exceed the jurisdiction of the court. The mere fact that the aggregate of the punishment inflicted is in excess of what the court could impose for a single violation does not violate the provision of the Constitution and render the judgment void. The judgment, confiscating the car, is in harmony with our decision in *Walker v. State,* 113 Neb. 19.

From what has been said, it follows that the district court committed no error in affirming the judgment of the justice of the peace.

AFFIRMED.

Note—See Criminal Law, 16 C. J. 157 n. 50—Justices of the Peace, 35 C. J. 522 n. 24, 26.