In the Probate Court of Tuscarawas county.

STATE OF OHIO V. A. B. PARRISH.

Decided October 23, 1928.

*J. E. Patrick,* prosecuting attorney, for the State.
*Bowers & Bowers,* for the defendant.

LAMNECK, J.

Mrs. A. B. Parrish of Newcomerstown, Ohio, was charged in this court with violating Section 12694 of the General Code, relating to the practice of medicine and surgery without a license, in three separate and distinct charges.

The first offense charged is that of opening and conducting an office and place for the practice of medicine and surgery in one of its branches, to-wit: Chiropractic, without obtaining a certificate from the State Medical Board. To this charge a plea of not guilty was entered and upon trial the defendant was found guilty. As no motion for new trial was filed in this case, this judgment stands as finally adjudicated,

The next charge is that of advertising and announcing herself as a practitioner of medicine and surgery in one of its branches, to-wit: Chiropractic without obtaining a certificate from the State Medical Board; and the other is that of diagnosing and treating for a fee one J. B. Lintz, without obtaining a certificate from the State Medical Board.

To the latter two charges, a plea of not guilty was entered together with a plea of former conviction. It is contended by counsel that the evidence presented in the latter two charges is practically the same as that used in the first case, and for that reason the plea of former conviction should be sustained. It is also contended by counsel for the defendant that the plea of former conviction is the same as a plea in bar and for that reason the matter of former conviction should be determined by a jury, as provided for in Section 13630 of the General Code.

Section 13629 *et seq.* of the General Code, pertains to proceedings between indictment and trial in the Court of Common Pleas, and do not apply to proceedings in the Probate Court when the statutes specify what proceedings shall be had in the Probate Court. Under the probate code relative to criminal procedure, provision is made specifying how such a plea shall be brought before the court.

The probate judge within his jurisdiction has power to try offenses without the intervention of a jury, if imprisonment is not a part of the penalty. The offenses charged in these cases are punishable by fine only. As the plea of former conviction can be pleaded alone or with a plea of guilty, under the probate code, it follows that it is a question embraced in the prosecution which must be determined by the court, as no jury can be demanded to try the issue of not guilty. See *Sanders* v. *State,* 20 O. C. C., (N. S.), 398.

Section 12694 of the General Code, when read in conjunction with Section 1286 of the General Code, expressly provides that the opening of an office for the practice

of chiropractic, the advertising of one as a practitioner of chiropractic, and the diagnosing and prescribing for a fee, without first obtaining a certificate from the State Medical Board are separate and distinct offenses. The legislature evidently intended that an individual may at the same time commit several offenses under this section, although all may have grown out of the same transaction.

A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former conviction can not be sustained where it appears that in one transaction several distinct offenses were committed. See Section 8 Ruling Case Law, 151; and *Allen* v. *State*, 24 App., 85.

The plea of former conviction in both cases will be overruled and as it is clear to the court that the evidence sustains all three charges, although the same evidence was admissible in all of the cases, a finding of guilty will be entered to the two charges before the court.