STATE OF IOWA, Appellee, v. BERNIE REDLINGER, Appellant.

MARCH 12, 1929.

*J. H. Wyllie*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

MORLING, J.—Defendant demurred to the indictment, and argues that it charges more than one offense. The indictment alleges that, on or about the 18th day of February, 1927, the defendant did "willfully and unlawfully allow the carcasses of 11 dead hogs to lay about his premises unburied, uncooked, and unburned for more than 24 hours prior thereto, said animals having died more that 24 hours prior to the 18th day of February, 1927, and said Redlinger failed to dispose of said animals within 24 hours after said animals had died * * * The aforementioned animals having died at various and sundry times more than 24 hours prior to the 18th day of February, 1927, the exact time of death is to this grand jury unknown. * * * "

Section 2762 was amended by Chapter 55, Acts of the Forty-second General Assembly. This amendment, however, did not go into effect until July 4, 1927, and in our view of the case need be given no consideration.

Section 2761, Code of 1924, reads:

"No person caring for or owning any animal that has died shall allow the carcass to lie about his premises. Such carcass shall be disposed of within twenty-four hours after death by cooking, burying, or burning, as provided in this chapter, or by disposing of it, within said time, to a person licensed to so dispose of it, but the carcass of an animal which has not died of a contagious disease may be fed to hogs."

By Section 2762, "the violation of any of the provisions of this chapter * * * shall be punishable by a fine of not less than five dollars nor more than five hundred dollars or by imprisonment * * * "

An indictment "must charge but one offense." Section 13737.

"In case of compound offenses where in the same transaction more than one offense has been committed, the indictment may charge the several offenses and the defendant may be convicted of any offense included therein." Section 13738.

As has been seen, no person caring for "any animal that has died shall allow the carcass to lie about his premises. Such carcass shall be disposed of within 24 hours after death." Plainly the law is violated when the person caring for "any animal

that has died" allows "the carcass to lie about his premises" for 24 hours without disposing of it as required. Thereby such person subjects himself to the penalty prescribed by Section 2762. At the end of 24 hours, the offense is complete. We do not pause to consider the case of two or more animals which die simultaneously, and are allowed to remain undisposed of for 24 hours. Such is not the case charged in the indictment. The indictment alleges that defendant allowed "the carcasses of 11 dead hogs to lie about his premises" undisposed of. It says that defendant "failed to dispose of said animals within 24 hours after said animals had died," they "having died at various and sundry times more than 24 hours prior to the 18th day of February, 1927." This indictment, therefore, charges that 11 animals died at various times, and defendant failed to dispose of the carcasses within 24 hours after they respectively died. The State argues that the court below rightly said:

"The view of the court is that the defendant is not on trial for permitting dead hogs to remain unburied or uncared for, but is on trial for the offense of permitting dead hogs to remain uncared for."

The State urges that defendant "is not charged with any offense for failure to bury the hogs. He is charged primarily under the first sentence of Section 2761 * * * " But we are of the opinion that the indictment plainly reads that defendant allowed 11 carcasses of animals dying at different times to lie about his premises, and that he failed to dispose of any of them within 24 hours after its death. It charges 11 violations of Section 2761. The offense as to any animal was not complete until after the lapse of 24 hours. It was not intended to inflict a penalty for permitting a dead animal to remain uncared for for an hour, or 10 hours, but for 24 hours. To sustain the State's interpretation, the statute would have to be extended to make it an offense to allow one or more carcasses to lie about the premises uncared for for less than 24 hours. The case is not one of a compound offense, but the indictment charges several distinct offenses. The demurrer should have been sustained. *State v. Denhardt*, 129 Iowa 135; 3 Corpus Juris 169; 31 Corpus Juris 768; *Lemly v. State*, 107 Tex. Cr. 67 (294 S. W. 856). This conclusion renders the consideration of other as-

signments of error superfluous.—*Reversed.*

ALBERT, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.