STATE OF MAINE *vs.* HARRY MOOERS.

Aroostook.      Opinion November 19, 1930.

*J. Frederic Burns,* County Attorney for the State.
*A. S. Crawford, Jr.,* for defendant.

SITTING: PATTANGALL, C. J.; DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J.   After a hearing in the Houlton Municipal Court from which the warrant issued, the respondent in this case, a taxi driver, was found guilty of unlawfully transporting intoxi-

cating liquors from place to place in said Houlton on February 15, 1930, without a Federal permit. An appeal was taken to the April Term of the Superior Court at Houlton and the respondent was again found guilty. Written motion was seasonably filed asking the presiding Justice to direct a verdict for the respondent on the ground that the evidence was insufficient to warrant a verdict of guilty. The case comes to this court on exceptions to the overruling of this motion by the presiding Justice.

For the purposes of this case it seems unnecessary to make extended recital or comment on the evidence produced at the trial except to note the fact appearing in evidence that the respondent was acquitted on a charge of illegal possession of the same liquor, which, however, would not absolve him from the charge on which the present case is based, if his act was one prohibited by the intent of the Statute. On the record we feel the jury was justified in its verdict, if the act of the respondent did, as a matter of law, constitute an illegal transportation.

A two and one-half story house, the lower half of which was occupied by the respondent, fronted Military Street in said Houlton. Next northerly of the dwelling house, and attached thereto, was another building used as a woodshed. Northerly of and attached to the woodshed was a building used as a garage and stable by the tenants and the owner of the premises. This last building was divided by a wooden partition extending east and west. On the southerly or street side the space was open and used for garage purposes. On the northerly or rear side of the partition was the stable occupied jointly by the respondent and his landlord and containing stalls where the respondent kept a horse. Above the garage and stable was a floor forming a loft for the storage of hay. This loft was one room to which access was had by means of a ladder placed on the floor of the part used as the stable. There was no door or opening in the partition between garage and stable so that to pass from the one to the other it was necessary to go around the corner of the building to a door in the easterly side of the stable through which one could pass to the stable, a distance of approximately fifty feet. This was the route taken by the respondent at the time of the alleged unlawful transportation and it is undis-

puted that respondent was occupying as tenant at will the premises over which he travelled on this route. It needs no citation of authority for the statement that such a tenancy carries with it the right to travel over such parts of the premises as may be necessary to the enjoyment of the tenancy for the purpose of gaining access to any part of the buildings occupied.

Sec. 20, Chap. 127, Revised Statutes (1916), provided as follows: "No person shall knowingly transport from place to place in the State, any intoxicating liquors, with intent to sell the same in the state in violation of law, or with intent that the same shall be so sold by any person, or to aid any person in such sale, under a penalty of not less than fifty, nor more than one hundred dollars, and sixty days' imprisonment . . . "

Sec. 2, Chap. 291, Public Laws (1917), while making other changes in the above section, made no change in the portion quoted *supra.*

Sec. 1, Chap. 167, Public Laws (1923), changed Sec. 20, *supra,* to read in part as follows: "No person shall knowingly transport into this State or from place to place therein any intoxicating liquor, or aid any person in such transportation without being in possession of a permit therefor duly issued under authority conferred by the provisions of the national prohibition act of October twenty-eight, nineteen hundred and nineteen, and amendments thereto, providing for the enforcement of the eighteenth amendment to the constitution of the United States; . . . "

Sec. 1, Chap. 116, Public Laws (1925), in force when the act charged as offense in the instant case occurred, while making other changes, left the same language quoted above from the 1923 Act.

The case of *Commonwealth* v. *Waters,* 11 Gray, 81, showed facts which clearly constituted an illegal transportation, but in that case the Court said, "The statute prohibits the transportation of spirituous liquor, under the circumstances particularly stated, 'from place to place within the State.' St. 1855, c. 215, s. 20. We do not think that, by a true interpretation, this latter phrase must be held to designate only towns, or counties, or such other territorial divisions or districts as have been or may be established by law or by authority of the Commonwealth. The obvious pur-

pose of the legislature in this, as in various other provisions of the statute, was to interpose the most effectual impediments in the way of the illegal traffic in spirituous liquors. It is therefore provided, in very general terms, that wherever there is reasonable cause of belief that an owner or consignee of this kind of property intends to make sale of it in violation of law, he shall not be aided or assisted by any person in the transportation or conveyance of it from one place to another. This phrase in the statute certainly admits of some qualification; for it is not every possible removal of spirituous liquor which will make a person employed by the owner to do it guilty of a criminal offence. Thus if the removal were only upon the premises of the owner, or from one to another of his warehouses, or from one to another part of his shop, this would constitute no offence and would be no violation of law." While the words, "Thus if the removal were only upon the premises of the owner . . . or from one to another part of his shop, this would constitute no offense and would be no violation of the law," may be said to be merely dicta, they have been quoted and followed in some of the cases cited, and in our opinion the language can well be applied to the case at bar.

In our opinion, the evidence in the case, which merely shows that the respondent carried the liquor from his garage to his stable, even assuming that he undertook to hide it there, is not sufficient to bring him within the legislative intent to make it a crime for any person to knowingly transport "from place to place" in this state any intoxicating liquor without being in possession of a permit therefor, as defined in the Act. The respondent can not claim that he was in possession of such permit, but the State, in order to convict, must show that the accused knowingly transported "from place to place therein." In our opinion, the Statute did not contemplate making a crime out of the mere act of an owner or one in possession of intoxicating liquor moving it from point to point on his own premises. We realize that circumstances and facts differ in each individual case but in the case at bar we do not feel that facts exist which would justify a conviction for the crime of illegal transportation. Without otherwise attempting to define "transportation" or the words "from place to place" it is our opinion

that, in the absence of any evidence that the owner or the one in possession of intoxicating liquor has it in his possession for the purpose of illegal sale, such owner or person in possession is not guilty of illegal transportation under the provisions of Sec. 1, Chap. 116, Public Laws of Maine, 1925, if he merely personally carries or conveys such intoxicating liquor from one portion or part to another portion or part of the premises of which he is the owner, lessee or tenant.

The decided weight of authority is that a transferring of intoxicating liquor from one place to another on the same premises does not constitute a transportation. *Mates* v. *State* (Ind.), 165 N. E., 316, 65 A. L. R., 980; *Hammell* v. *State*, 198 Ind., 45, 152 N. E., 161; *Hudson* v. *State*, 198 Ind., 422, 154 N. E., 7; *Warren* v. *State*, 94 Tex. Crim. Rep., 243, 250 S. W., 429; *Hill* v. *State*, 96 Tex. Crim. Rep., 165, 256 S. W., 921; *Miller* v. *State*, 27 S. W. (2d), 803, 804; *Wilson* v. *City of Batesville* (Ark.), 20 S. W. (2d), 114, 115; *Nelson* v. *State*, 116 Neb., 219, 216 N. W., 556, 557; *Ready* v. *State*, 155 Tenn., 15, 290 S. W., 28, 29; *Looney* v. *State*, 156 Tenn., 337, 1 S. W. (2d), 782.

In the foregoing cited cases the one transporting liquor was not in every instance the owner of the premises, the cases apparently deciding the point on the ground that the movement of the liquor was on the same premises regardless of ownership. There are some cases which apparently hold a contrary view but the facts in those cases are not altogether similar.

It is not our purpose to attempt to reconcile the reasoning of the various cases holding for or against illegal transportation under the facts of each individual case. We do feel, however, that on the facts of the particular case before us, or in cases with the same facts, it would be contrary to the real purpose and intent, not only of the National Prohibition Act, but of our State law, to hold that there was any transportation for which the respondent should be held criminally liable. No attempt is made to lay down any hard and fast construction which would cover facts and circumstances which might be shown in other cases.

The result which might ensue from a contrary decision would, we believe, be a violation of what we regard as the intention of the

law. To put into the law, by virtue of a decision contrary to this, that which we believe the legislature did not intend to have there is not within the province of this Court. Each case in the future as it arises must be governed by the facts presented as to whether or not they come within the scope of this opinion.

The State in its argument raises a question as to the sufficiency of the respondent's bill of exceptions and that the only specification therein to the effect that the evidence was insufficient to warrant a verdict of guilty was too general, and that it does not appear in the record that the specific question as to whether the act of the respondent was a transportation within the meaning of the Statute is properly before this Court. This point is not strongly pressed.

Enough is set forth in the bill of exceptions to enable the Court to determine that the point made is material and that the ruling to which exceptions were taken is erroneous and prejudicial. The bill shows what the issue is and how the excepting party is aggrieved. It satisfies the requirements laid down by this Court in *Jones* v. *Jones et al*, 101 Me., 447.

*Exceptions sustained.*