STATE v. ETHAN CHAVIS.

(Filed 10 May, 1950.)

**1. Intoxicating Liquor § 9g—**

Upon a general verdict of guilty to an indictment charging separately unlawful possession of intoxicating liquor and unlawful transportation of intoxicating liquor, the court is empowered to assign separate punishment for each count, notwithstanding that the possession was physically necessary to the act of transporting.

**2. Criminal Law §§ 1c, 60a—**

Where the definition and prohibition of a specified transaction is within the legislative power, the Legislature may prescribe that each step leading to the commission of such act shall constitute a separate offense.

DEFENDANT's appeal from *Gwyn, J.,* November Term, 1949, SCOTLAND Superior Court.

In the early morning of June 18, 1949, a patrol officer of the Town of Laurinburg and other officers accompanying him, observed the defendant Ethan Chavis, accompanied by Julius Liles, driving an Oldsmobile car in the colored section of the town, near the town limits. Suspecting Chavis of carrying contraband intoxicating liquors the officers gave chase, and Chavis, accepting the role of the pursued, endeavored to escape. In all, four official cars joined in the chase.

As the Chavis car approached Highway 15, an improved road, the pursuing car of the patrol, or police officer, then being some distance behind, Julius Liles opened the door of the Chavis car, jumped out, put a case of whiskey in some bushes close to the road, and jumped back into the car. The police car overtook the Chavis car during this maneuver, but was unable to stop it, because Chavis had jockeyed his car so that it was impossible to get around him, or block his progress, and Chavis rapidly drove away. His speed finally increased until, when one of the pursuing cars succeeded in getting alongside, he was exceeding 85 m.p.h., as checked by the speedometer of the officers' car. Finally the pursuing posse shot

down all four tires of the Chavis car and brought it to a stop. Chavis, after some resistance, was put under arrest.

Thereupon, within five minutes after Liles had been observed to put the case in the bushes beside the road, the police officer went to the point where he had observed it placed, and retrieved a case of nontax-paid whiskey, which was retained for evidence.

For these activities Chavis was charged in three several bills of indictment as follows:

"(1) In case no. 491, the indictment contained two accounts alleging:

"(a) That on June 18, 1949, the defendant unlawfully had in his possession a quantity of non-tax-paid intoxicating liquors;

"(b) That on June 18, 1949, the defendant unlawfully transported a quantity of non-tax-paid intoxicating liquors.

"(2) The indictment in Case No. 492 charged the defendant with speeding and reckless driving in separate counts, alleging:

"(a) That on June 18, 1949, the defendant operated a motor vehicle upon a highway carelessly and heedlessly in willful and wanton disregard of the rights and safety of others and withoue due caution and circumspection and at a speed and in a manner so as to endanger and be likely to endanger divers persons and property; and

"(b) That on June 18, 1949, the defendant operated a motor vehicle on a highway at a speed greater than was reasonable and prudent under the conditions then existing and in excess of the limits allowed by law.

"(3) The indictment in case No. 493 charged the defendant with failing to stop for a police siren. The indictment was not written in the language of the statute, but was apparently intended to charge a violation of G.S. 20-157."

The bills of indictment were consolidated and treated as one indictment with several counts. Chavis entered a plea of not guilty.

On the hearing the evidence for the State pertinent to this decision was substantially as above set out.

There was a general verdict of guilty.

Over objection and exception by defendant the following judgment was rendered:

"Verdict of guilty to the charge of unlawful possession and unlawful transportation of intoxicating liquors in #491 and in #492 guilty to the charge of reckless driving.

"Upon the count of unlawful possession of intoxicating liquors let the defendant be confined in the common jail in Scotland County

for a term of twelve (12) months, to be assigned to work under the supervision of the State Highway and Public Works Commission.

"Upon the count of unlawful transportation of intoxicating liquor let the defendant be confined in the common jail of Scotland County, for a term of two years to be assigned to work under the supervision of the State Highway and Public Works Commission.

"The latter sentence of two years is suspended for a period of five years upon the following conditions: That the defendant be of good behavior and violate none of the laws of the State; that he apply himself regularly to legitimate, gainful occupation, that, he support and maintain his wife and minor children according to his reasonable ability; that he do not operate a motor vehicle upon the public highways of the State for a period of three (3) years immediately, following his release from active service of sentence.

"492—The prayer for judgment is continued for a period of five years upon condition that the defendant be of good behavior and violate none of the laws of the State and abide the conditions of the suspension as set forth in No. 491 above, the Court retaining leave to enter judgment against the defendant at any time during the said period of five years upon motion of the Solicitor."

Motion to set aside the verdict for errors of law committed on the trial was declined, and defendant excepted; and from the judgment ensuing, appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*Gilbert Medlin and Jennings G. King for defendant, appellant.*

SEAWELL, J.  We can see but one arguable point involved in appellant's challenge to the trial in the court below.  The objection to the judgment brings up for consideration the question whether the judge, upon a general verdict applying to all counts of the case, can assign separate punishment for the count of possession of intoxicating liquor and that of transportation of the same liquor.  The theory upon which the exception is based is that it is not competent to find the defendant guilty of two offenses and fix separate punishments therefor when the facts constituting the two purported crimes are identical, the possession being physically necessary to the act of transportation.

But neither the logic nor the law is as simple as that.

Two things will help us in our thinking: we are not dealing with common law crimes but with statutory offenses; and not with a single *act* with two criminal labels but with *component transactions* violative of

distinct statutory provisions denouncing them as crimes. Neither in fact nor law are they the same. *S. v. Midgett,* 214 N.C. 107, 198 S.E. 613. They are not related as different degrees or major and minor parts of the same crime and the doctrine of merger does not apply. The incidental fact that possession goes with the transportation is not significant in law as defeating the legislative right to ban both or either. When the distinction between the offenses is considered in the light of their purpose, vastly different social implications are involved and the impact of the crime of greater magnitude on the attempted suppression of the liquor traffic is sufficient to preserve the legislative distinction and intent in denouncing each as a separate punishable offense.

No doubt many authorities can be arrayed on either side of the question under consideration—many of them, however, wanting in persuasive authority because of the difference in local laws. However, the decided weight of authority supports the view that in cases of factual similarity with the one under review the power of the Legislature, when it so intends, to make punishable as a distinct violation of statute law each offense denounced by the statute, although occurring in the same transaction, must be given effect. 22 C.J.S., Criminal Law, sec. 9, and authorities assembled in notes 39, 40, and·42; 15 A. J., Criminal Law, sec. 389; *Ebelling v. Morgan,* 237 U.S. 625, 59 L. Ed. 1151; *Ruark v. U. S.,* 17 Fed. 2d 570 (C.C.A. 8); 51 A.L.R. 87; *Albrecht v. U. S.,* 273 U.S. 1, 71 L. Ed. 511; *S. v. Midgett, supra.*

The case involves violations of G.S. 18-2 which came into our law through the Turlington Act *in ipsissimis verbis* from the National Prohibition Act, and the interpretation we have placed upon the law here is that given it by many of the Federal courts.

In *Massy v. U. S.,* 281 Fed. 293 (C.C.A. 8), the defendant transported liquor in his car and had carried it into his house when arrested. On appeal from a conviction of illegal transportation and illegal possession, the Court said:

"The National Prohibition Act penalizes the illegal possession of liquor, as well as the illegal transportation of such liquor. Transportation involves the elements of carriage and removal that are not involved in mere possession. Separate acts though parts of a continuous transaction may be made separate crimes by the legislative power."

In *Bell v. U. S.,* 285 Fed. 145 (C.C.A. 5), Cert. den. 262 U.S. 744, the defendant drove up in his car and Federal agents searched and found liquor in the car. In holding invalid the defendant's contention that he could not be convicted for illegal transportation and possession in that the transportation included possession, the Court held:

A person may be in unlawful possession of liquor and never transport it. If he also transports it, that is a separate offense and each is a

violation of the National Prohibition Act, and the court could properly impose punishment on each count.

In *Earl v. U. S.,* 4 Fed. 2d 532 (C.C.A. 9), upon the same facts a similar decision was rendered in which the *Bell* and *Massy cases* were cited. In *Loomis v. U. S.,* 61 Fed. 2d 653 (C.C.A. 9), and *Aldridge v. U. S.,* 67 Fed. 2d 956 (C.C.A. 10), it was held that transportation and possession are separate and distinct offenses even though they grow out of the same transaction, and sentence could be imposed on both counts. See also, *State v. Melerine,* 158 La. 511, 104 So. 308; *Haarman v. State,* 111 Neb. 790, 197 N.W. 947; *State v. Mooers,* 129 Me. 364, 152 A. 265; *Allen v. State,* 24 Ohio App. 85, 155 N.E. 811; *People v. Grabiec,* 210 Mich. 559, 178 N.W. 55.

In *Albrecht v. U. S., supra, Justice Brandeis,* writing the opinion of the Court, says:

"The contention is that there is double punishment because the liquor which the defendants were convicted for having sold is the same that they were convicted for having possessed. But possessing and selling are distinct offenses. One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction. The precise question does not appear to have been discussed in either this or a lower Federal court in connection with the National Prohibition Act; but the general principle is well established. Compare *Burton v. United States,* 202 U.S. 344, 377, 50 L. Ed. 1057, 1069, 26 Sup. Ct. Rep. 688, 6 Ann. Cas. 362; *Gavieres v. United States,* 220 U. S. 338, 55 L. Ed. 489, 31 Sup. Ct. Rep. 421; *Morgan v. Devine,* 237 U.S. 632, 59 L. Ed. 1153, 35 Sup. Ct. Rep. 712." See *S. v. Welch, ante,* 77.

The case of *S. v. Midgett, supra,* deals with the question before us in considering the matter of double jeopardy or *autrefois acquit* in a way which is an adequate test of double punishment in this case. It is analytical and thorough and we refer to the text and copious citations of authority.

We regard *S. v. Gordon,* 224 N.C. 304, 30 S.E. 2d 43, as a precedent, although similar objection to the judgment was not made. In this case the defendant was charged with violating the prohibition laws by a warrant containing the same three counts as here: unlawful transportation, unlawful possession, and unlawful possession for the purpose of

sale. The only evidence of possession was during the course of transportation; but the judgment upon the verdict of guilty was a 12-months' sentence in each of the three counts.

We find no error in the record.