## 11943

### CITY OF UNION v. STRICKLAND

#### (132 S. E., 45)

1. CRIMINAL LAW.—Municipal Court has power to inflict sentence on each count constituting separate and distinct crimes.

2. CRIMINAL LAW.—Municipal Court has power to impose for each offense maximum of $100 fine or 30 days' imprisonment.

3. INTOXICATING LIQUORS.—Separate acts of transporting and selling alcoholic liquor may be made to constitute separate and distinct crimes.

4. CRIMINAL LAW—MUNICIPAL COURT MAY IMPOSE SENTENCE IN EX-
CESS OF $100 FINE OR 30 DAYS' IMPRISONMENT ON CONVICTION OF TWO
SEPARATE AND DISTINCT OFFENSES.—On conviction of at least two
separate and distinct offenses, municipal Court had power to impose
sentence in excess of fine of $100 or 30 days' imprisonment. ·

5. INTOXICATING LIQUORS—CONVICTION IN MUNICIPAL COURT FOR POS-
SESSION OF LIQUOR IS IMPROPER WHEN NOT DENOUNCED AS CRIME IN
ORDINANCES.—Where city ordinance does not denounce as a crime
act of "having liquor in possession," conviction in municipal Court
on such count was improper.

6. CRIMINAL LAW.—Jail sentences on separate counts run concurrently,
in absence of stated intention that one should begin after expiration
of other.

Before BONHAM, J., Union, 1925. Reversed and re-
manded, with directions.

Ernest Strickland was convicted in municipal Court of
having in possession, transporting and selling alcoholic
liquor. From the judgment of the Circuit Court ordering
the sentence reduced, City of Union appeals.

*Mr. John K. Hamblin,* for appellant, cites: *Municipal
Courts authorized:* 85 S. C., 17; Const. of 1895, Art. V,
Sec. 1. *Jurisdiction of magistrates:* 85 S. C., 17; Const.
of 1895, Art. V., Sec. 21. *City councils empowered to pass
ordinances:* 85 S. C., 17; Civ. Code 1922, Sec. 1999. *Sen-
tence by mayor to be in alternative:* 83 S. C., 46. *Each act
of having in possession, transporting and selling alcoholic
liquor a separate offense:* 94 S. C., 123; 58 S. C., 534; 16
S. C., 166; 12 S. C., 91.

*Messrs. Young & Long,* for respondent, cite: *Sentences
limited in cases not tried on indictment:* 85 S. C., 16; Const.
of 1895, Art. I, Sec. 17. *Municipal Courts authorized:*
Const. of 1895, Art. V., Sec. 1. *Jurisdiction of magistrates:*
Const. of 1895, Art. V., Sec. 21. *Jurisdiction of municipal
Courts:* Code. Crim. Pro. 1922, Sec. 50 and Sec. 60, Subsec.
1. *Sentence by mayor must be in alternative:* Code Crim.
Pro. 1922, Sec. 60, Subsec. 3; Civ. Code 1922, Sec. 4412.
*City council limited to powers specifically granted:* 61 S. C.,
105. *Sentence of magistrate limited:* 79 S. C., 91. *Re-*

*covery in civil action before magistrate limited: 72 S. C.,
582. "Storing" and "keeping in possession" defined: 63
S. C., 103.*

March 11, 1926.

The opinion of the Court was delivered by Mr. Justice
Marion.

The record discloses that the defendant was convicted
1, 2  in the municipal Court of Union upon an indictment,
      or its equivalent, which charged, under separate
counts, or the equivalent thereof, the commission of at least
two separate and distinct crimes: (1) The transporting of
alcoholic liquor, and (2) the sale of alcoholic liquor. If the
act of transporting and the act of selling could lawfully be
made to constitute two separate and distinct crimes, the
power of the municipal Court to inflict a sentence, upon each
count for each offense, is beyond question. See *State v.
Klugh,* 132 S. C., 199; 128 S. E., 882. And it had, of
course, the power to impose for each offense the maximum
of $100 fine or 30 days' imprisonment. The constitutional
limitation is plainly a limitation upon the power to impose a
sentence in excess of that maximum for a single offense or
crime.

That the separate acts of (1) transporting and (2)
3, 4  selling alcoholic liquor may be made to constitute
      separate and distinct crimes is too well settled to re-
quire citation of authority. 16 C. J., 264 and 278, §§ 444
and 470. One act does not embrace, and is not identical
with, the other. A person may transport a bottle, keg, or
case of liquor, without selling it; he may sell a bottle, keg,
or case of liquor without having transported it. He may, as
separate and distinct acts, both transport and sell the same
bottle of liquor. That but one bottle of whisky was in-
volved in this case is immaterial. The conclusion of the
Circuit Judge as a matter of law that the municipal Court
did not have the power to impose a sentence in excess of a
fine of $100 or 30 days' imprisonment, when the defendant

was convicted of at least two separate and distinct offenses, is, in my opinion, clearly erroneous.

The record, however, contains the following statement:

"The defendant was found guilty by the jury of selling whisky, transporting whisky, and having in possession whisky. The defendant was sentenced to pay a fine of $100 or serve 30 days on each charge."

The ordinances under which defendant was convicted are set out in the case and incorporated in the opinion of Mr. Chief Justice Gary. None of those ordinances denounces as a crime the act of "having in possession." Upon that count, therefore, we think the defendant was improperly convicted, and it follows that the sentence imposed upon that count was invalid and void.

It further appearing that "the defendant was sentenced to pay a fine of $100 or serve 30 days on each charge," under the well-settled rule that "when several sentences are imposed for separate and distinct offenses * * * they run concurrently, unless the intention that one should begin at the expiration of the other is expressed" (*State v. McKellar*, 85 S. C., 236; *State v. Klugh, supra*), we are of the opinion that the two valid sentences imposed on each of the charges for selling and transporting, in the absence of any expression to the contrary, must be construed to run concurrently. The defendant, therefore, has the option of paying the two fines of $100 each, aggregating $200, or of serving 30 days' imprisonment; that is, of serving the two prison terms of 30 days each concurrently.

The judgment of the Circuit Court is reversed, and the case remanded to the municipal Court for the purpose of enforcing each of the two valid sentences imposed upon the counts for "selling" and "transporting" in accordance with the views herein expressed.

Reversed.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. CHIEF JUSTICE GARY (dissenting): The defendant

was indicted in the mayor's Court of the City of Union. The following is a copy of the affidavit and warrant in question:

"The State of South Carolina, County of Union, City of Union.

"Personally comes before me, J. H. Wilburn, and makes oath that on information and belief, in the City of Union, County and State aforesaid, on or about the 13th day of November, 1924, Ernest Strickland, did violate an ordinance or ordinances of the City of Union, by being guilty of havig in possession, transporting and selling contraband whisky within the incorporated limits of the City of Union. * * *

"J. H. Wilburn.

"Sworn to before me this 20th day of November, 1924.

"Ed. B. Smith, Mayor.

"Warrant:

"To Chief of Police or any lawful policeman: Arrest and bring before me Ernest Strickland charged with having in possession, transporting and selling contraband whiskey within the incorporated limits of the City of Union. * * *

"Given under my hand and seal this 20th day of November, 1924.

"Ed. B. Smith, Mayor. [L. S.]"

"The defendant came on to be tried before Mayor Ed. B. Smith and a jury. For the purpose of this appeal only it is admitted that the whisky was sold, it was transported and it was held in possession. It was one and the same bottle of whisky.

"The defendant was found guilty by the jury of selling whisky, transporting whisky, and having in possession whisky. The defendant was sentenced to pay a fine of $100 or serve 30 days on each charge. The defendant, in due time, served notice of intention to appeal to the Court of General Sessions upon the ground that the mayor had no right to sentence the defendant in excess of $100 or 30 days on the entire verdict."

The following is a copy of one of the ordinances of which the defendant was charged with violation:

(1) "An ordinance prohibiting any person or persons from bringing into the town of Union from any point within the State of South Carolina, either as the agent of the purchaser or vendor, any alcoholic liquors.

"Be it ordained by the mayor and alderman of the town of Union, South Carolina, in council assembled and by authority of the same:

"Section 1. That from and after the passage of this ordinance it shall be unlawful for any person or persons whether acting as agent for the purchaser or vendor to carry, transport, or bring into the town of Union, from any point within the State of South Carolina, any alcoholic liquors. Provided, nothing herein contained shall be construed to abrogate the provisions of the Dispensary Law of the State of South Carolina.

"Sec. 2. Any person or persons violating this ordinance shall be punished by a fine of not more than one hundred dollars ($100.00) or suffer imprisonment for not more than thirty days.

"Done and ratified in council assembled, under the hand of the mayor and corporate seal of the town of Union this second day of October, A. D. 1905.

"R. L. McNally, Mayor.

"Attest: W. D. Arthur."

The other ordinances are similar except as to the offense, the titles thereof being as follows:

(2) "An ordinance against transporting or handling alcoholic liquors within the corporate limits of the town of Union.

(3) "An ordinance against selling any kind of alcoholic liquors within the corporate limits of the town of Union."

"The exceptions from the mayor's Court on appeal to the Court of General Sessions in the above-entitled case are

the same exceptions in substance as the exceptions in this appeal to the Supreme Court.

"After argument the presiding Judge passed the following order:

" 'The above matter comes up before me on appeal from the mayor's Court of the City of Union, County and State aforesaid, wherein the above-named defendant was tried by jury and convicted on three counts of violating the city ordinances relative to the liquor law, and was sentenced to pay a fine of three hundred dollars or serve ninety days upon the city chain gang. After hearing the evidence and arguments of counsel, now upon motion of S. E. Barron and J. D. Long, defendant's attorneys, it is ordered that the said sentence of the said mayor's Court be reduced to one hundred dollars or thirty days upon the city chain gang.

" 'Dated————

" 'M. L. BONHAM, Presiding Judge.'

"It is agreed by counsel for the defendant that the reason upon which the presiding Judge based the above order is that the mayor of the City of Union was without right or authority of law to impose the said sentence. The sentence was not reduced as a matter of discretion, but as a matter of law.

"From said order the appellant, in due time, served notice of its intention to appeal and hereby does appeal to the Supreme Court of South Carolina, upon the following exceptions, and will ask a reversal of said order.

"(1) Because his Honor held that the mayor had no right to pass sentence for the violation of all of said ordinances for more than $100 or 30 days, whereas his Honor should have held that the mayor had a right to sentence the defendant to pay a fine of $100 or serve 30 days for the violation of each ordinance violated.

"(2) Because his Honor erred in failing to hold that the violation of each ordinance was a separate and distinct offense, and when the defendant violated said separate and

distinct ordinances the mayor had a right to impose a sentence of $100 dollars or 30 days upon the defendant for each ordinance violated.

"(3) Because his Honor erred in holding that the mayor could not sentence the defendant for violation of the ordinances in excess of $100 or 30 days when there was no motion made by the defendant to elect on which charge the City of Union would rely for conviction."

The testimony is not reported, and the facts stated in the record are as follows:

"The defendant came on to be tried before Mayor Ed. B. Smith, and a jury. For the purpose of this appeal only, it is admitted that the whisky was sold, it was transported, and it was held in possession. It was one and the same bottle of whisky."

It thus appears that the possession, transportation, and sale of the whisky constituted parts of a single transaction; and that the defendant was only subject to one penalty.

It stands to reason that if the defendant was again tried for the possession, transportation, or sale of the same whisky, he could plead former jeopardy.

Appeal should be dismissed.