19099

J. D. PICKLESIMER, Respondent, v. STATE of South Carolina et al., Appellants.

(176 S. E. (2d) 536)

Messrs. *Daniel R. McLeod, Attorney General,* and *Emmet H. Clair,* and *John P. Wilson, Assistant Attorneys General,* of Columbia, *for Appellants,*

Messrs. *Frank B. Register, Jr.* and *Edward A. Harter, Jr.,* of Columbia, *for Respondent,*

September 2, 1970.

LITTLEJOHN, Justice:

The petitioner, J. D. Picklesimer, is a prisoner at the South Carolina Department of Corrections. He asked the circuit court to construe and declare the effect of three sentences imposed upon him. It was his contention that the administrative authorities at the Department of Corrections erroneously interpreted the sentences.

The circuit judge, after a hearing was held, correctly ruled:

"The aggregated sentence of Petitioner is construed as being twenty (20) years, thirty-four (34) days with eleven (11) years, thirty-four (34) days to serve, both beginning January 15, 1964. Records Officer of the South Carolina Department of Corrections and the Director of the Department of Corrections are hereby ordered to so construe Petitioner's sentences."

From such ruling no appeal was taken.

During the course of the hearing the question of respondent's eligibility date to be considered for parole was raised. The circuit judge ruled:

"Eligibility for parole is to be based on the term actually to be served in confinement, which in Petitioner's case is eleven (11) years, thirty-four (34) days beginning January 15, 1964, rather than the total aggregated sentence. The South Carolina Probation, Pardon and Parole Board and the South Carolina Department of Corrections are hereby ordered to calculate eligibility for parole on this basis."

It is from this last ruling that the State has appealed. It is the contention of the State that a prisoner must serve one-third of the total aggregated sentence before application for parole may be made. Under the statute a prisoner may apply for parole after he has served one-third of his time. The question we are called upon to answer is whether he may apply after he has served one-third of the active sen-

tence imposed and to be served in prison (11 years and 34 days), or after one-third of the total sentence imposed, including the suspended portion (20 years and 34 days). Relevant portions of the parole statute formerly existing and now in effect are as follows:

The original Act, Section 55-611, reads in part as follows:

"In all cases cognizable under this chapter the Probation, Parole and Pardon Board may, upon ten days' written notice to the solicitor and judge who participated in the trial of any prisoner, parole such prisoner convicted of a felony and imprisoned in the State Penitentiary, in any jail or upon the public works of any county:

"(1) Who, if sentenced for not more than thirty years, shall have served at least one third of the term for which he was sentenced."

In 1962 the General Assembly amended Section 55-611 (1) to read as follows:

"(1) Who, if sentenced for not more than thirty years, shall have served at least one third of the term for which he was sentenced to serve." Act No. 766 of the Acts and Joint Resolutions of 1962, p. 1887.

The effect of the amendment was to add the words "to serve" at the end of item 1.

In 1963 the General Assembly amended Section 55-611 (1) to read:

"(1) Who, if sentenced for not more than thirty years, shall have served at least one third of the term." Act No. 214 of the Acts and Joint Resolutions of 1963, p. 241.

The 1963 amendment eliminated at the end of item 1 the words "for which he was sentenced to serve."

We think that the word "term" used in the 1963 amendment refers to the whole term for which the prisoner is sentenced. It includes that portion of the sentence suspended.

■ When a portion of a sentence is suspended it merely means that a person is permitted to serve a portion of his sentence at home. The sentence is the total of the part served at the prison and at home. Under the original act a prisoner was not permitted to apply for parole until he had served one-third of the entire sentence.

Under the 1962 amendment this was changed such that he could apply for a parole after he had served one-third of the prison portion of the sentence. The effect of the 1963 amendment was to void the 1962 amendment and reinsert the original provision; and this is true even though the verbage is not exactly the same.

■ We hold that when a person is sentenced to a term of years, and the sentence is suspended after the service of a portion of that term, under the 1963 amendment an application for parole may be made only only after service of one-third of the entire sentence. The petitioner may apply for parole when he has served one-third of twenty years and thirty-four days.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.