## 19570

Cleveland RICHARDS, Individually and on behalf of all others similarly situated, Respondent, v. Thomas S. CRUMP, Superintendent of the Charleston County Prison Farm, City of Charleston, and The County of Charleston, South Carolina, Appellant.

(194 S. E. (2d) 575)

134

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *James C. Harrison, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellants,*

*Gary Lamberson, Esq.,* of Charleston Heights, *for Respondent,*

February 14, 1973.

LITTLEJOHN, Justice:

A magistrate's sentencing authority has been challenged and we are called upon to determine if a magistrate is empowered to impose consecutive sentences on a defendant for several separate offenses.

A petition for writ of *habeas corpus* was brought in the Charleston County Court by prisoners confined under consecutive sentences imposed by a magistrate's court for multiple charges. The lower court issued an order on July 12, 1972, directing the release of one prisoner, and then on July 13, 1972, issued a second order directing the release of all prisoners similarly situated. The parties have agreed that the orders will be considered as one for the purpose of this appeal. Our opinion will control all cases. The case of *Cleveland Richards* is considered.

In magistrate's court, Richards plead guilty to twenty-nine charges of obtaining property by false pretenses. The magistrate imposed upon Richards twenty-nine consecutive sentences. After serving twelve thirty-day sentences, and with seventeen consecutive sentences of one hundred dollars or thirty days each remaining, Richards brought a *habeas corpus* action in the Charleston County Court alleging that he was being unlawfully held in custody and demanding his release.

A hearing was held and an order directing the release of Richards was issued. The order was based on the theory that to impose consecutive sentences, the magistrate must necessarily suspend all except the first sentence; that a magistrate does not have the power to suspend sentences; and, therefore, all consecutive sentences were improper and illegal.

The second order, directing the release of all those similarly situated, was based on the same theory. The effect of the orders was to hold as a matter of law that a magistrate may imprison for only thirty days regardless of the number of offenses committed.

It is from these orders that the State appeals.

It is conceded that magistrates may not suspend sentences. We hold that the imposition of consecutive sentences does not involve a suspension of sentences. The suspended sentence must not be confused with the deferred sentence. *Suspend, or suspended, in* its common usage has several definitions, for example: to discontinue, to stay, to postpone, to withold. However, *suspended* as it relates to a sentence in a criminal case takes on a special meaning well known to the bench and bar. When a judge suspends a sentence, he in effect says to the defendant, "You will not be required at this time to serve your sentence, but you may go free 'during good behavior'." The sentence begins to run and if there is no misbehavior during the term of the sentence, the judgment of the court is satisfied. *See Picklesimer v. State,* 254 S. C. 596, 176 S. E.

(2d) 536 (1970). It should be pointed out that the suspended sentence which we discussed is independent of Probation and Parole Statutes and suspension of sentences therein provided while one is on probation.

> In consecutive sentences, the defendant is not permitted to be at liberty. The sentence is not suspended, it is merely deferred through the fault of the defendant. The second sentence is deferred because the defendant is not available to serve the second sentence until the first one is completed. The intent of the judge, within his authority, must be carried out. In the case of a suspended sentence, it is the intent of the judge that the defendant be at liberty as indicated above. In the case of consecutive sentences, it is the intent of the judge that the defendant serve all of the sentences, one after the other.

We cannot agree that in imposing consecutive sentences suspended sentences were involved. There were involved separate and distinct offenses, for which separate and distinct punishments were imposed.

If an honest man goes to a store and buys ten hats, he must pay ten prices. If a thief goes to the store and steals ten hats on ten separate occassions, he too must pay ten prices if the judge so directs.

> The question remains, does a magistrate have authority to make sentences run consecutively, or is he limited to one thirty-day period regardless of how many offenses are involved? The lower court has stated:

" . . . [D]irected to release from confinement all individuals sentenced by a Magistrate in and for Charleston County who have received sentences or commitments indicating that the sentence imposed by the Magistrate requires that the Defendant serve more than a Thirty (30) day period of confinement where such sentences were imposed on any one date, after any conviction or plea; this shall apply even though multiple warrants, together with pleas or convictions, were disposed of by the Magistrate's Court on that day."

Our Court has long recognized the power to impose cumulative sentences on conviction for several offenses. *Ex parte Klugh*, 132 S. C. 199, 128 S. E. 882 (1925). Traditionally, the magistrates have also given cumulative sentences.

There are some offenses over which the magistrate alone has authority and, therefore, it cannot be argued that when more than one offense is involved, the cases should be taken to a higher court.

We cannot agree with the respondent that the language of the Constitution precludes a magistrate from imposing consecutive sentences.

The Constitutional language (Article 5, Section 21) of the jurisdictional grant is:

" . . . Provided, further, such jurisdictions shall not extend to cases where the punishment exceeds a fine of Two Hundred Dollars or imprisonment for thirty days."

The above provision is solely concerned with a magistrate's jurisdiction and the maximum penalty he may impose for each violation of an offense within that jurisdiction.

In this State, municipal courts are limited in authority to impose sentences of a fine of not more than One Hundred Dollars or imprisonment of not more than thirty days, just as magistrates are limited. *In City of Union v. Strickland,* 134 S. C. 140, 132 S. E. 45 (1926), this Court had before it the question of the authority of a municipal court judge to impose separate and distinct penalties for separate and distinct offenses. The Court held that the municipal judge . . . " had, of course, the power to impose for each offense the maximum of [a] $100 fine or thirty days imprisonment. The constitutional limitation is plainly a limitation upon the power to impose a sentence in excess of that maximum for a *single* offense or crime." (Emphasis added)

The Nebraska court, under a similar constitutional provision, has decided the question which is now before this Court. We quote with approval from that decision:

"Each count being a separate offense, it was within the power of the justice [of the peace] to impose a penalty upon each offense upon which defendant was found guilty, provided of course, that the punishment imposed on each offense did not exceed the jurisdiction of the court. *The mere fact that the aggregate of the punishment inflicted is in excess of what the court could impose for a single violation does not violate the provisions of the Constitution and render the judgment void."* (Emphasis added) *Brown v. State,* 115 Neb. 366, 213 N.W. 339 (1927).

We know of nothing in the Constitution which limits the power of *any* judge to impose consecutive sentences.

The authority of a magistrate to impose consecutive sentences is essential to that court, which handles an estimated seventy-five percent of all criminal cases. Such authority has not, so far as we know, been challenged heretofore even though the practice has been common. The challenge is without merit and has no foundation under the Constitution or under the statutes.

There can be no doubt but that it was the intent of the magistrate to have the defendant serve thirty days or pay a One Hundred Dollar fine for each of the seventeen offenses remaining. In so doing, he did not exceed his authority.

Both the order releasing Richards and the order releasing all other prisoners similarly situated are,

Reversed.

Moss, C. J. and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.