## 19633

Cleveland RICHARDS, Clarence Chandler, Individually and on behalf of all others similarly situated, Appellants, v. Thomas S. CRUMP, Superintendent of the Charleston County Prison Farm, City of Charleston and The County of Charleston, South Carolina, Respondents.

(197 S. E. (2d) 298)

*Gary Lamberson, Esq.,* of Charleston Heights, *for Appellants,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *James C. Harrison, Jr., Asst. Atty. Gen.,* of Columbia, *Morris Rosen,* Charleston, and *William L. Runyon, Jr.,* of Charleston

Heights, *for Respondents,*

June 7, 1973.

LITTLEJOHN, Justice.

Cleveland Richards and Clarence Chandler brought this action on their own behalf and "on behalf of all others similarly situated". They were prisoners incarcerated and in the custody of the Superintendent of the Charleston County Prison Farm. It developed that while the case was still pending in the Charleston County Court before Judge Theodore D. Stoney, Chandler completed the service of his sentence. Judge Stoney permitted Richards to continue the action. Presumably, Richards is still serving his sentence. See *Richards, etc. v. Crump, etc. et al.,* S. C., 194 S. E. (2d) 575 (1973).

Richards was sentenced to serve a term of imprisonment or pay a fine. He was indigent, and was therefore compelled to serve the sentence. The heart of the contention in the court below is set forth in the petition in a paragraph which reads as follows:

"Petitioners and all members of the class were involuntarily compelled to serve the time portion of their alternative sentences since at the time of their sentencing they were indigent, that is, they were unable to pay the total amount of their fine and thus did not make a voluntary election to serve the time."

Richards asserts that his detention is illegal and that his incarceration is unconstitutional. He argues that it is a denial of due process to require defendants to pay the whole fine immediately or go to prison. The basis of his contention is rooted in the cases of *Williams v. Illinois,* 399 U. S. 235, 90 S. Ct. 2018, 26 L. Ed. (2d) 586 (1970); *Morris v. Schoonfield,* 399 U. S. 508, 90 S. Ct. 2232, 26 L. Ed. (2d) 773 (1970); and *Tate v. Short,* 401 U. S. 395, 91 S. Ct. 668, 28 L. Ed. (2d) 130 (1971). Also see *Frazier v. Jordan,* 457 F. (2d) 726 (5th Cir. 1972). Neither *Williams, Morris,* nor *Tate* involved an alternative sentence. In *Frazier,* an alternative sentence was before the court. On this appeal, the State argues that the *Williams, Morris* and *Tate* authorities should not be applied to an alternative sentence.

After the matter was argued in this Court, the General Assembly of South Carolina enacted legislation, approved and effective as of May 17, 1973, entitled, "AN ACT To Permit a Judge or Magistrate When Certain Persons Are Found Guilty of an Offense Carrying a Fine or Imprisonment to Set Up a Schedule for the Payment of the Fine."

We are of the opinion that Richards is entitled to be resentenced in keeping with the provisions of this legislative enactment.

Remanded.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.