### 21068

Terry Lee MIMS, Respondent, v. STATE of South Carolina, Appellant.
Johnny Melvin MOORE, Respondent, v. STATE of South Carolina, Appellant.

Rudolph POWERS, Respondent, v. STATE of South Carolina, Appellant.

(259 S. E. (2d) 602)

*Atty. Gen., Daniel R. McLeod, Deputy Atty. Gen., Emmet H. Clair* and *Staff Atty., Betty J. Willoughby,* Columbia, *for Appellant.*

*Thomas J. Thompson,* Laurens, *for Respondent Mims* and *Powers.*

*Richard J. Magner,* Laurens, *for Respondent Moore.*

October 24, 1979.

Ness, Justice:

This is an appeal by the State from an order of the circuit court directing that parole eligibility for the respondents, Terry Lee Mims, Johnny Melvin Moore, and Rudolph Powers, be determined solely upon the six year period of confinement to which each was sentenced, without considering the additional five year "consecutive, suspended" sentence imposed upon each respondent. We reverse.

In March of 1976, respondents Mims, Moore, and Powers entered guilty pleas to numerous indictments. Each was sentenced on one of the indictments to a term of six years, on a second indictment to five years "consecutive, suspended" with probation for a period of five years to be effective on release from service of the six year sentence, and on all other indictments to confinement for five years concurrent.

The Board informally advised the sentencing judge that it interpreted the sentences imposed for purposes of parole eligibility as an aggregate sentence of eleven years, thereby requiring the service of one third of eleven years in order to qualify for parole eligibility. In June of 1978, the trial judge, pursuant to post-conviction relief applications filed by respondents, ruled that:

"there is absolutely no intimation within the statutes that calls for a completely suspended sentence to be amalgamated

with an 'active' sentence in the fashion done by Respondents (the Board). Each sentence stands on its own—the intent of the court is clearly stated in and by each sentence and each is consistent with the laws of the state."

The State asserts the trial court erred in ordering the Board to disregard the consecutive sentences of respondents in computing their eligibility for parole. We agree.

While use of "consecutive" and "suspended" in connection with the same sentence is inconsistent, this does not alter the unity of the sentence imposed. "It is not unusual or unreasonable to consider . . . that two or more consecutive sentences, imposed at the same time by the same, Judge, would ordinarily be considered as a single 'sentence.' " *Polk v. Manning,* 224 S. C. 467, 472-73, 79 S. E. (2d) 875, 877 (1954).

In *Picklesimer v. State,* 254 S. C. 596, 176 S. E. (2d) 536 (1970) the Court held that suspended portions of an imposed sentence should be included for purposes of computing parole eligibility. In reaching its conclusion, the Court construed the following portions of current Code Section 24-21-610(1) :

"In all cases cognizable under this chapter the Probation, Parole and Pardon Board may, upon ten days' written notice to the solicitor and judge who participated in the trial of any prisoner, parole such prisoner convicted of a felony and imprisoned in the State Penitentiary, in any jail or upon the public works of any county;

(1) Who, if sentenced for not more than thirty years, shall have served at least one third of the term . . ."

In *Picklesimer, supra,* the Court stated:

"We think that the word 'term' used in the 1963 amendment refers to *the whole term for which the prisoner is sentenced. It includes that portion of sentence suspended."* 254 S. C. at 599, 176 S. E. (2d) at 538. (Emphasis supplied).

We conclude the reasoning of *Picklesimer* is applicable here. Clearly, the court "sentenced" the respondents to terms of eleven years, consisting of six years on the first count of each indictment plus five years "consecutive, suspended" on another count of each indictment. Where the issue is consideration for parole rather than actual service, the mere addition of the word "suspended" after the word "consecutive" does not alter the vitality of the sentence. Accordingly, we hold respondents' applications for parole may be made only after service of one third of eleven years, and reverse the order of the trial court.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

RHODES, J., dissents.

RHODES, Justice (dissenting) :

The majority opinion holds that the circuit court erred in ordering the Board to disregard the inactive sentences of respondents in computing their eligibility for parole. I disagree. The sentence imposed by the lower court as to each respondent was identical, and is summarized in the agreed statement as follows: "five (5) years consecutive, suspended with a special condition of probation that the sentence was to be effective on release from [the active six-year sentence]." [1] The use of "consecutive" and "suspended" in connection with the same sentence is inconsistent. This court has held in *Richards v. Crump,* 260 S. C. 133, 194 S. E. (2d) 575 (1973) that

[w]hen a judge suspends a sentence, he in effect says to the defendant, "You will not be required at this time to serve your sentence, but you may go free 'during good behavior'."

.    .    .    .    .

---

[1] The original sentences have not been made a part of the record. The trial judge's order states that respondents were placed on five years probation as a part of the sentence in question, which fact is implicit in the above quote from the agreed statement.

In consecutive sentences, the defendant is not permitted to be at liberty. The sentence is not suspended, it is merely deferred through the fault of the defendant.

*Id.* at 136-37, 194 S. E. (2d) at 576.

In *State v. DeAngelis,* 257 S. C. 44, 183 S. E. (2d) 906 (1971), we held that "[a]mbiguity or doubts relative to a sentence should be resolved in favor of the accused." *Id.* at 50, 183 S. E. (2d) at 909. *DeAngelis* further holds that in cases of ambiguity of a sentence, the intent of the sentencing judge is controlling. In the case at bar, the sentencing judge has unmistakably stated his intent as being in accord with the position of respondents. In accordance with these principles, the sentence imposed by the circuit court must be read as an active six-year term of imprisonment followed by a five-year suspended sentence conditioned only on five years probation.

While *Picklesimer v. State,* 254 S. C. 596, 176 S. E. (2d) 536 (1970), upon which the majority places its reliance, held that the suspended portions of an imposed sentence were to be included for purposes of computing parole eligibility, it limits such a holding to sentences which are not suspended in their entirety but, on the contrary, are only partially suspended. This clear intent of *Picklesimer* is manifested in its concluding paragraph:

We hold that when a person is sentenced to a term of years, *and the sentence is suspended after the service of a portion of that term,* under the 1963 amendment an application for parole may be made only after service of one-third of the entire sentence. (Emphasis added.)

*Id.* at 600, 176 S. E. (2d) at 538. I do not believe that *Picklesimer* can logically be extended to sentences no portion of which requires the service of active time.

For the foregoing reasons, I am of the opinion that the order appealed from should be affirmed.