543 S.E.2d 537

**Melody HOLMES, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

Supreme Court of South Carolina.

March 8, 2001.

ORDER

Respondent was sentenced for 49 separate counts of check forgery. Respondent was sentenced to five years, suspended on five years probation, on the first indictment. On the next nine indictments, respondent was sentenced to five years, consecutive, suspended during the probation. On all remaining indictments, respondent was sentenced to five years, suspended during the probation, to be served concurrently. Respondent's probation was subsequently revoked. The State has now appealed a post-conviction relief order finding that respondent is entitled to a new probation revocation hearing.

Respondent asks this Court to remand her motion for an appeal bond to the circuit court for consideration or, alternatively, to be allowed to file a motion asking this Court to set bail.

A PCR applicant may be admitted to bail after the service of the notice of appeal by the applicant or the State. Rule 227(j), SCACR. Where the sentence originally imposed did not exceed imprisonment for ten (10) years, the petition for bail shall be made to the lower court. In all other cases, the petition for bail shall be made to the Supreme Court. *Id.*

Since this is an appeal from the PCR related to respondent's probation revocation, one must look to the sentence imposed at the probation revocation hearing for the sentence "originally imposed" under Rule 227(j). The sentence imposed at the probation revocation hearing, as construed by the

Department of Corrections, was ten five-year sentences to be served consecutively.

This Court has stated that consecutive sentences are frequently considered as separate sentences for certain purposes while, for others, they may be considered a single sentence. *Polk v. Manning,* 224 S.C. 467, 79 S.E.2d 875 (1954). In *Mims v. State,* 273 S.C. 740, 259 S.E.2d 602 (1979), this Court held that, for the purpose of determining parole eligibility, consecutive sentences must be aggregated.

We now hold that, solely for the purpose of determining which court has jurisdiction to grant an appeal bond under Rule 227(j), consecutive sentences should not be aggregated. When an individual has received multiple consecutive sentences, all of which are less than ten years, we believe it is more appropriate for the circuit court to conduct a hearing to determine whether an appeal bond should be granted and, if so, in what amount and under what conditions.

Therefore, this matter is remanded to the circuit court to conduct a hearing on respondent's request for an appeal bond.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.